**Cameron James Wilson, In Propria Persona**
1312 South 44th Avenue
Yakima, WA 98908
Email: cam@tlatoani-machi.com
Telephone: (503) 496-9239

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 1 8 2025

SEAN F. McAVOY, CLERK
YAKIMA, WASHINGTON

# UNITED STATES DISTRICT COURT
# DISTRICT OF WASHINGTON YAKIMA DIVISION

**Cameron James Wilson**,

Plaintiff,

v.

**WASHINGTON STATE PATROL**,

**STATE OF WASHINGTON**,

**David Schoenborn, Badge 1054**, and

**Sergeant Hovinghoff, Badge 208**,

Defendants.

Case No. 1:25-cv-03038-MKD

# COMPLAINT FOR CIVIL RIGHTS VIOLATION AND DAMAGES

_____

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12132, and Washington state law, seeking damages and injunctive relief for

violations of the constitutional and statutory rights of Plaintiff Cameron James Wilson.

2. On March 5, 2025, Plaintiff Cameron James Wilson, an amputee, was lawfully parked on the side of the road with his vehicle turned off when he was approached by a Washington State Patrol Trooper without reasonable suspicion or probable cause of any criminal activity. Despite Plaintiff informing the Trooper that he did not require assistance and attempting to exercise his constitutional right to walk away from the encounter, the Trooper escalated the situation, physically assaulted Plaintiff, and arrested him without legal justification.

3. The Trooper's actions, which were later ratified by his supervising Sergeant, violated Plaintiff's clearly established rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, and Washington state law.

4. Plaintiff brings this action to vindicate his constitutional and statutory rights, to seek compensation for the physical injuries, emotional distress, and humiliation he suffered, and to deter future violations of citizens' rights by law enforcement officers.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) and (4) (civil rights jurisdiction), as this action arises under the Constitution and laws of the United States, specifically the First, Fourth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the Americans with Disabilities Act, 42 U.S.C. § 12132.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Klickitat County, Washington, which lies within this judicial district.

8. All conditions precedent to the filing of this lawsuit have been performed or have occurred, including any requirements under the Washington Tort Claims Act, RCW 4.92.100 et seq., for claims against the State of Washington and its agencies.

## III. PARTIES

9. Plaintiff CAMERON JAMES WILSON ("Plaintiff" or "Wilson") is an adult individual and a resident of the State of Washington. Plaintiff is an amputee who uses a prosthetic leg.

10. Defendant DAVID SCHOENBORN ("Trooper Schoenborn") is a Washington State Patrol Trooper who, at all times relevant to this Complaint, was acting under color of state law as an employee and agent of the Washington State Patrol. Trooper Schoenborn is sued in his individual capacity.

11. Defendant Sergeant Hovinghoff ("Sergeant Hovinghoff") is a Washington State Patrol Sergeant who, at all times relevant to this Complaint, was acting under color of state law as an employee and agent of the Washington State Patrol. Sergeant Hovinghoff, is sued in his individual capacity. His true full name is currently unknown to Plaintiff and will be amended once discovered through the course of this litigation.

12. Defendant WASHINGTON STATE PATROL ("WSP") is a law enforcement agency and department of the State of Washington. WSP is responsible for the supervision, training, and conduct of its officers, including Defendants Trooper Schoenbron and Sergeant Hovinghoff. WSP is a public entity within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(1).

13. Defendant STATE OF WASHINGTON is a sovereign state of the United States of America and is the employer of Defendants Trooper Schoenborn and Sergeant Hovinghoff. The State of Washington is responsible for the policies, procedures, training, and supervision of the Washington State Patrol and its officers.

14. At all times relevant to this Complaint, all Defendants were acting under color of state law and within the course and scope of their employment and official duties.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

16. On March 5, 2025, at approximately 3:00 p.m., Plaintiff Cameron James Wilson was lawfully parked on the side of the road in Klickitat County, Washington.

17. Plaintiff had parked his vehicle in a safe manner, turned off the engine and temporarily exited his vehicle.

18. Upon returning to his vehicle, Plaintiff remained parked with the engine off and the keys in his pocket. Plaintiff intended to make several phone calls before driving through an area known to have no cellular service for approximately 45 miles.

19. While Plaintiff was lawfully sitting in his parked vehicle, Defendant Trooper Schoenborn pulled his patrol vehicle behind Plaintiff's car.

20. Upon observing the patrol vehicle in his driver side mirror, Plaintiff exited his vehicle, closed and locked the door, and took two steps forward.

21. Defendant Trooper Schoenborn then activated his emergency lights, remained in his patrol vehicle, and began shaking his head "no" while pointing toward Plaintiff.

22. As Defendant Trooper Schoenborn opened his door, he ordered Plaintiff to "get back in your car."

23. Plaintiff responded that Trooper Schoenborn was not going to violate his constitutional rights.

24. Trooper Schoenborn stated that he was "just checking to see if you are OK."

25. Plaintiff informed Trooper Schoenborn that he was "OK" and that there was "no need of service," and began to walk away from the encounter.

26. Despite Plaintiff's clear communication that he did not require assistance and his attempt to terminate the encounter, Trooper Schoenborn persisted in following Plaintiff and continued to approach him.

27. Trooper Schoenborn began questioning Plaintiff about his license plate cover, suggesting it was a violation of Washington law.

28. Plaintiff's vehicle was not registered in Washington State, and as an interstate traveler, Plaintiff was not subject to Washington's license plate cover regulations.

29. Without reasonable suspicion of any criminal activity or probable cause, Trooper Schoenborn demanded that Plaintiff provide identification.

30. Plaintiff exercised his constitutional right to remain silent and attempted to walk away from the encounter.

31. Trooper Schoenborn escalated the situation by drawing his taser and threatening Plaintiff to comply with his unlawful demands.

32. Plaintiff informed Trooper Schoenborn that he was an amputee and requested that Trooper Schoenborn de-escalate the situation.

33. Despite acknowledging Plaintiff's statements, Trooper Schoenborn continued to pursue Plaintiff, repeatedly reaching for and attempting to grab him.

34. Plaintiff repeatedly asked Trooper Schoenborn what crime he was suspected of committing, but Trooper Schoenborn failed to articulate any reasonable suspicion or probable cause, stating only that Plaintiff was "failing to provide information."

35. Plaintiff attempted to maintain distance from Trooper Schoenborn due to the trooper's aggressive behavior, which caused Plaintiff to fear for his safety and life.

36. While Plaintiff was walking away and recording the interaction on his phone, Trooper Schoenborn physically assaulted Plaintiff by grabbing him.

37. Plaintiff was able to brush off the initial grab and stated to Trooper Schoenborn, "Stop touching me."

38. Trooper Schoenborn falsely replied, "I haven't touched you yet," despite having just grabbed Plaintiff, an interaction that was captured on Plaintiff's phone recording.

39. Plaintiff again requested to be left alone, but Trooper Schoenborn refused and instead forcefully

grabbed Plaintiff, twisting his arms and causing him pain.

40. Trooper Schoenborn arrested Plaintiff without probable cause of any crime being committed.

41. During the arrest, Trooper Schoenborn prevented Plaintiff from continuing to record the interaction on his phone, chilling Plaintiff's First Amendment rights.

42. Trooper Schoenborn pushed Plaintiff roughly toward the patrol vehicle, despite Plaintiff's repeated statements that he had one leg and requests to "please be nice, stop pushing me."

43. The forceful handling by Trooper Schoenborn caused Plaintiff significant pain in his prosthetic amputated leg.

44. Trooper Schoenborn placed Plaintiff in the back of the patrol car with his prosthetic leg bent beyond its natural range of motion, causing Plaintiff severe pain.

45. Plaintiff was detained in the back of the patrol car for over one hour in this painful position.

46. During his detention, Plaintiff requested medical assistance due to the pain in his amputated leg, but his requests were ignored, and no medical care was provided.

47. Plaintiff requested to speak with a supervisor, and Defendant Sergeant Hovinghoff eventually arrived at the scene.

48. Rather than addressing Trooper Schoenborn constitutional violations, Sergeant Hovinghoff conspired with Trooper Schoenborn by providing false information about the legality of the detention and arrest.

49. Sergeant Schoenborn attempted to have Plaintiff sign a waiver of responsibility for any damage to Plaintiff's vehicle, and when Plaintiff refused, Sergeant Schoenborn threatened to have the vehicle towed.

50. This threat was made despite the fact that Plaintiff's vehicle was legally parked, was not in operation at the time of the encounter, and there was no legal justification for a tow.

51. Plaintiff was transported to Klickitat County Jail and booked at approximately 6:36 p.m. on March 5, 2025, on a charge of "Failure to ID."

52. Plaintiff had, in fact, identified himself to the officers, providing his name and date of birth.

53. "Failure to ID" is not a primary charge under Washington law and requires an underlying lawful detention or arrest, which was not present in this case.

54. During the booking process at the jail, Plaintiff was subjected to humiliating and inappropriate questioning, including being asked if he was pregnant, despite being visibly male.

55. This questioning occurred after January 2025, when an executive order had been issued recognizing only two genders, male and female.

56. Trooper Schoenborn attempted to have jail staff falsify booking documents by instructing them to indicate that no force was used during Plaintiff's arrest.

57. Plaintiff objected to this falsification, and the jailer eventually recorded the correct information, but the attempt to forge official documents demonstrates the officers' consciousness of guilt.

58. The entire interaction lasted approximately 3 hours and 36 minutes, during which time Plaintiff suffered severe physical pain, emotional trauma, and humiliation.

59. Trooper Schoenborn's actions were motivated by discrimination based on Plaintiff's race, color, and/or religion.

60. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer:

    a. Physical injuries, including pain in his amputated leg and damage to his Achilles tendon;

    b. Exacerbation of his pre-existing PTSD from prior police violation experiences;

    c. Heightened anxiety and fear for his safety;

    d. Emotional distress, humiliation, and loss of dignity; and

    e. Violation of his constitutional and statutory rights.

61. Unless Defendants are held accountable for their actions, Trooper Schoenborn and other similarly situated officers will continue to harass and violate the rights of citizens within their jurisdiction.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Fourth Amendment Violations (42 U.S.C. § 1983)

(Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

62. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

63. The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

64. 42 U.S.C. § 1983 provides that any person who, under color of state law, subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

65. At all relevant times, Defendants Trooper Schoenborn and Sergeant Hovinghoff were acting under color of state law as officers of the Washington State Patrol.

66. Defendants Trooper Schoeneorn and Sergeant Hoverhoff violated Plaintiff's clearly established Fourth Amendment rights in the following ways:

   a. Unlawful Detention: Trooper Schoenborn detained Plaintiff without reasonable suspicion of criminal activity. Plaintiff was lawfully parked on the side of the road with his vehicle turned off and was not engaged in any suspicious or illegal activity. After Plaintiff informed Trooper Schoenborn that he did not need assistance, Trooper Schoenborn had no legal basis to continue the detention.

   b. Unlawful Arrest: Trooper Schoenborn arrested Plaintiff without probable cause. "Failure to ID" is not a primary offense in Washington and requires an underlying lawful detention or arrest, which was not present in this case. Moreover, Plaintiff did provide his name and date of birth to the officers.

   c. Excessive Force: Trooper Schoenborn used excessive and unreasonable force against Plaintiff by grabbing him, twisting his arms, pushing him roughly toward the patrol vehicle, and placing him in the patrol car with his prosthetic leg bent in a painful

position, despite being aware of Plaintiff's disability as an amputee.

    d. Unreasonable Seizure: Trooper Schoenborn threatened to tow Plaintiff's lawfully parked vehicle without legal justification, constituting an unreasonable seizure of property.

67. Defendant Sergeant Hovinghoff is liable for the Fourth Amendment violations because he was personally involved in the constitutional deprivations when he arrived at the scene, ratified Trooper Schoenborn's unlawful actions, provided false information about the legality of the detention and arrest, and threatened to tow Plaintiff's vehicle without legal justification.

68. The actions of Defendants Trooper Schoenborn and Sergeant Hovinghoff were willful, wanton, and malicious, and exhibited a reckless disregard for Plaintiff's constitutional rights, justifying the imposition of punitive damages.

69. As a direct and proximate result of Defendants' violations of his Fourth Amendment rights, Plaintiff has suffered physical injuries, pain and suffering, emotional distress, humiliation, loss of liberty, and other damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
First Amendment Violations (42 U.S.C. § 1983)
(Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

70. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

71. The First Amendment to the United States Constitution protects the rights to freedom of speech and to petition the government for redress of grievances.

72. Citizens have a clearly established First Amendment right to record police officers performing their official duties in public, subject only to reasonable time, place, and manner restrictions.

73. Defendants Trooper Schoenborn and Sergeant Hovinghoff violated Plaintiff's clearly established First Amendment rights by:

    a. Preventing Plaintiff from recording the police interaction by forcibly arresting him while he was attempting to document the encounter on his phone; and

    b. Retaliating against Plaintiff for exercising his constitutional rights to verbally challenge

the legality of the detention and to refuse to answer questions beyond identifying himself.

74. The actions of Defendants Trooper Schoenborn and Sergeant Hovinghoff were willful, wanton, and malicious, and exhibited a reckless disregard for Plaintiff's constitutional rights, justifying the imposition of punitive damages.

75. As a direct and proximate result of Defendants' violations of his First Amendment rights, Plaintiff has suffered emotional distress, humiliation, loss of liberty, and other damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
Fourteenth Amendment Violations (42 U.S.C. § 1983)
(Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

76. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

77. The Fourteenth Amendment to the United States Constitution guarantees all persons equal protection of the laws and prohibits state actors from depriving any person of life, liberty, or property without due process of law.

78. Defendants Trooper Schoenborn and Sergeant Hovinghoff violated Plaintiff's clearly established Fourteenth Amendment rights by:

   a. Subjecting Plaintiff to discriminatory treatment based on his race, color, and/or religion;

   b. Depriving Plaintiff of his liberty through unlawful detention and arrest without due process of law;

   c. Attempting to have jail staff falsify booking documents to conceal the use of force during Plaintiff's arrest, thereby interfering with Plaintiff's right to fair and accurate documentation of his detention; and

   d. Subjecting Plaintiff to humiliating and degrading treatment during the booking process, including inappropriate questioning about pregnancy despite Plaintiff being visibly male.

79. The actions of Defendants Trooper Schoenborn and Sergeant Hovinghoff were willful, wanton, and malicious, and exhibited a reckless disregard for Plaintiff's constitutional rights, justifying

the imposition of punitive damages.

80. As a direct and proximate result of Defendants' violations of his Fourteenth Amendment rights, Plaintiff has suffered emotional distress, humiliation, loss of liberty, and other damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

Americans with Disabilities Act Violations (42 U.S.C. § 12132)

(Against Defendants Washington State Patrol)

81. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

82. Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

83. Plaintiff is a qualified individual with a disability within the meaning of the ADA, as he is an amputee who uses a prosthetic leg.

84. Defendants Washington State Patrol is a public entity within the meaning of 42 U.S.C. § 12131(1).

85. Defendants violated Plaintiff's rights under the ADA by:

   a. Failing to reasonably accommodate Plaintiff's disability during the detention and arrest, despite Plaintiff informing Trooper Schoenborn that he was an amputee;

   b. Using excessive force against Plaintiff without regard for his disability;

   c. Placing Plaintiff in the patrol car with his prosthetic leg bent beyond its natural range of motion, causing severe pain;

   d. Ignoring Plaintiff's requests for medical assistance related to the pain in his amputated leg; and

   e. Failing to provide appropriate accommodations during Plaintiff's detention at the Klick-

itat County Jail.

86. As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered physical injuries, pain and suffering, emotional distress, humiliation, and other damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

Assault and Battery (State Law)

(Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

87. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

88. Under Washington law, an assault is an intentional act that creates in another person a reasonable apprehension of imminent harmful contact, and a battery is an intentional harmful or offensive touching of another person without consent.

89. Defendant Trooper Schoenborn committed assault and battery against Plaintiff by:

   a. Intentionally threatening Plaintiff with a taser, creating a reasonable apprehension of imminent harmful contact;

   b. Intentionally grabbing Plaintiff without consent;

   c. Twisting Plaintiff's arms, causing pain;

   d. Pushing Plaintiff roughly toward the patrol vehicle; and

   e. Forcefully placing Plaintiff in the patrol car with his prosthetic leg bent in a painful position.

90. Defendant Sergeant Hovinghoff is liable for assault and battery because he ratified and approved Trooper Schoenborn's unlawful actions when he arrived at the scene.

91. The actions of Defendants Trooper Schoenborn and Sergeant Hovinghoff were willful, wanton, and malicious, justifying the imposition of punitive damages.

92. As a direct and proximate result of Defendants' assault and battery, Plaintiff has suffered physical injuries, pain and suffering, emotional distress, and other damages in an amount to be determined

at trial.

## SIXTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress (State Law)

(Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

93. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

94. Under Washington law, the tort of intentional infliction of emotional distress (also known as the tort of outrage) requires: (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress.

95. Defendants Trooper Schoenborn and Sergeant Hovinghoff engaged in extreme and outrageous conduct that exceeded all bounds of decency by:

    a. Detaining and arresting Plaintiff without legal justification;

    b. Using excessive force against Plaintiff despite knowledge of his disability;

    c. Ignoring Plaintiff's requests for medical assistance;

    d. Attempting to have jail staff falsify booking documents;

96. Subjecting Plaintiff to humiliating and inappropriate questioning during booking;

97. Calling Plaintiff derogatory names, including "sovereign citizen," "idiot," and "liar"; and

98. Discriminating against Plaintiff based on his race, color, and/or religion.

99. Defendants' conduct was intentional or reckless and caused Plaintiff to suffer severe emotional distress, including exacerbation of his pre-existing PTSD from previous police experience, heightened anxiety, fear for his safety, humiliation, and loss of dignity.

100. The actions of Defendants Trooper Schoenborn and Sergeant Hovinghoff were willful, wanton, and malicious, justifying the imposition of punitive damages.

101. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff has suffered severe emotional distress and other damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

False Imprisonment (State Law)

(Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

102. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

103. Under Washington law, false imprisonment is the unlawful detention or confinement of a person against their will.

104. Defendants Trooper Schoenborn and Sergeant Hovinghoff falsely imprisoned Plaintiff by:

   a. Detaining Plaintiff without reasonable suspicion of criminal activity;

   b. Arresting Plaintiff without probable cause;

   c. Confining Plaintiff in the patrol car for over one hour; and

   d. Causing Plaintiff to be booked and detained at the Klickitat County Jail on false charges.

105. The detention and confinement of Plaintiff was unlawful and against his will.

106. The actions of Defendants Trooper Schoenborn and Sergeant Hovinghoff were willful, wanton, and malicious, justifying the imposition of punitive damages.

107. As a direct and proximate result of Defendants' false imprisonment, Plaintiff has suffered loss of liberty, emotional distress, humiliation, and other damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

Negligent Training and Supervision (State Law)

(Against Defendants Washington State Patrol, State of Washington)

108. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

109. Under Washington law, employers have a duty to properly train and supervise their employees.

110. Defendants Washington State Patrol and State of Washington, had a duty to properly train and supervise their employees, including Defendants Trooper Schoenborn and Sergeant Hovinghoff,

regarding:

    a. Constitutional rights of citizens during police encounters;

    b. Proper procedures for conducting investigatory stops;

    c. Legal standards for detention and arrest;

    d. Appropriate use of force;

    e. Accommodations for individuals with disabilities; and

    f. Proper documentation of police encounters and arrests.

    g. Defendants Washington State Patrol, State of Washington, breached their duty by failing to properly train and supervise their employees, as evidenced by the actions of Defendants Trooper Schoenborn and Sergeant Hovinghoff in this case.

    h. The failure to properly train and supervise was a proximate cause of the violations of Plaintiff's rights and the injuries he suffered.

    i. As a direct and proximate result of Defendants' negligent training and supervision, Plaintiff has suffered physical injuries, emotional distress, loss of liberty, and other damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cameron James Wilson respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

    i. A declaration that the acts and conduct of Defendants constituted violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, and Washington state law;

    ii. Compensatory damages in an amount to be determined at trial for:

        a. Physical injuries, including pain to Plaintiff's amputated leg and damage to his Achilles tendon;

   b. Past and future medical expenses;

   c. Emotional distress, including exacerbation of pre-existing PTSD;

   d. Humiliation and loss of dignity;

   e. Loss of liberty; and

   f. Other injuries caused by Defendants' unlawful conduct;

iii. Punitive damages against Defendants Trooper Schoenborn and Sergeant Hovinghoff in an amount to be determined at trial, sufficient to punish them for their willful, wanton, and malicious conduct and to deter similar misconduct in the future;

iv. Injunctive relief requiring:

   a. The Washington State Patrol to implement proper training programs for officers regarding constitutional rights of citizens, appropriate use of force, and accommodations for individuals with disabilities;

   b. The Washington State Patrol to adopt and implement policies and procedures to prevent similar constitutional violations in the future;

   c. Appropriate disciplinary action against Defendants Trooper Schoenborn and Sergeant Hovinghoff; and

   d. Any other equitable relief the Court deems necessary and appropriate;

v. Reasonable litigation fees and costs pursuant to 42 U.S.C. § 1988, the Americans with Disabilities Act, and other applicable law;

vi. Pre-judgment and post-judgment interest as allowed by law; and

vii. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 11th, 2025

/s/ Cameron James Wilson
**Cameron James Wilson, In Propria Persona**
1312 South 44th Avenue
Yakima, WA 98908
Email: cam@piitp.com
Telephone: (503) 496-9239