1    Brandon Slaven
     Assistant Attorney General
2    1116 West Riverside Avenue, Suite 100
     Spokane, WA 99201-1106
3    509-456-3123

4

5                                              **HONORABLE MARY K. DIMKE**

6              **UNITED STATES DISTRICT COURT**
             **EASTERN DISTRICT OF WASHINGTON**
7

     CAMERON JAMES WILSON,              NO. 1:25-cv-03038-MKD
8

9                      Plaintiff,        DEFENDANTS
                                         WASHINGTON STATE
10   v.                                  PATROL, DAVID
                                         SCHOENBORN AND
11   WASHINGTON STATE                    SERGEANT
     PATROL, DAVID                       HOVINGHOFF'S ANSWER
12   SCHOENBORN, AND                     TO PLAINTIFF'S
     SERGEANT HOVINGHOFF,                COMPLAINT FOR
13                                       DAMAGES AND JURY
                                         DEMAND
14                     Defendants.

15

16        State Defendants, in answer to ECF No. 2, Plaintiff's Amended Complaint,

17   deny each allegation therein and all inferences therefrom, except as specifically

18   admitted below. The paragraphs that follow answer the corresponding paragraph of

19   the same number in the Amended Complaint.

20

21

22   DEFENDANTS WASHINGTON              1
     DAMAGES AND JURY DEMAND

# I.     INTRODUCTION

1.     Paragraph 1 contains no allegations against Defendants that they may admit or deny. To the extent Paragraph 1 is deemed to contain allegations that require a response, Defendants deny.

2.     Defendants admit that on March 5, 2025, Trooper Schoenborn stopped to check whether the driver, believed to be Plaintiff in this matter, of a silver sedan parked along the shoulder of State Route 97 was in distress or needed assistance. Defendants further admit that the driver of the silver sedan exited the vehicle, appeared agitated, and approached Trooper Schoenborn while making unintelligible speech. Defendants deny all allegations in this paragraph that are not expressly admitted.

3.     Defendants deny.

4.     Paragraph 4 contains no allegations against Defendants that they may admit or deny. To the extent Paragraph 4 is deemed to contain allegations that require a response, Defendants deny.

## II.     JURISDICTION AND VENUE

5.     Defendants admit 28 U.S.C. § 1331 and 28 U.S.C. § 1343 provide federal district courts original jurisdiction over the actions described therein. Defendants further admit Plaintiff alleges constitutional and civil rights violations over which this Court has jurisdiction. Defendants deny all allegations in this paragraph that are not expressly admitted.

DEFENDANTS WASHINGTON STATE PATROL, DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

6.     Defendants assert 28 U.S.C. § 1367(a) does not abrogate their Eleventh Amendment sovereign immunity and deny the allegations in this paragraph.

7.     Defendants admit that Klickitat County, Washington is within the Eastern District of Washington and the events giving rise to Plaintiff's claims are alleged to occur in Klickitat County, Washington. Defendants deny all allegations in this paragraph that are not expressly admitted.

8.     Defendants deny the allegations in this paragraph.

### III.   PARTIES

9.     Defendants lack knowledge and information sufficient to form a belief about the truth of where Plaintiff resides or his status and therefor deny the allegations in this paragraph.

10.    Defendants admit Trooper Schoenborn is a Washington State Patrol (WSP) Trooper who is employed by WSP. Defendants lack knowledge and information sufficient to form a belief about the truth of what Plaintiff considers the "times relevant to this Complaint" and therefor deny the allegations in this paragraph.

11.    Defendants admit Sergeant Hovinghoff is a Sergeant employed by WSP. Defendants lack knowledge and information sufficient to form a belief about the truth of what Plaintiff considers the "times relevant to this Complaint" and therefor deny the allegations in this paragraph.

DEFENDANTS WASHINGTON STATE PATROL, DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

3

12. Defendants admit WSP is a department of State government created through the enactment of RCW 43.43 by the Legislature of the State of Washington. Its chief and other officers are required to exercise police powers and duties throughout the State. Defendants deny the allegations in this paragraph to the extent they contradict the plain language of RCW 43.43 and further deny all allegations in this paragraph that are not expressly admitted.

13. Defendants lack knowledge and information sufficient to form a belief about the truth of what Plaintiff considers the "times relevant to this Complaint" and therefor deny the allegations in this paragraph.

## IV.   FACTUAL ALLEGATIONS

14. Defendants incorporate their responses to the preceding paragraphs incorporated by Plaintiff as if fully set forth herein.

15. Defendants lack knowledge and information sufficient to form a belief about the truth of the averments in this paragraph and therefor deny the same.

16. Defendants lack knowledge and information sufficient to form a belief about the truth of the averments in this paragraph and therefor deny the same.

17. Defendants lack knowledge and information sufficient to form a belief about the truth of the averments in this paragraph and therefor deny the same.

18. Defendants admit that on March 5, 2025, Trooper Schoenborn stopped to check whether the driver, believed to be the Plaintiff in this matter, of a silver sedan parked along the shoulder of State Route 97 was in distress or needed

DEFENDANTS WASHINGTON STATE PATROL, DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1  assistance. Defendants deny all allegations in this paragraph that are not

2  expressly admitted.

3  19.  Defendants admit that before Trooper Schoenborn came to a complete stop

4  behind the silver sedan, the driver of the silver sedan exited the vehicle and

5  approached Trooper Schoenborn while making unintelligible speech.

6  Defendants deny all allegations in this paragraph that are not expressly

7  admitted.

8  20.  Defendants admit that Trooper Schoenborn activated his emergency

9  equipment and directed the person, through gestures, to stop advancing

10  towards him. Defendants deny all allegations in this paragraph that are not

11  expressly admitted.

12  21.  Defendants admit that Trooper Schoenborn ordered the person to get back in

13  their car after witnessing the person repeatedly insert their hands in and out

14  of their pockets in an effort to help control the scene and increase the safety

15  of those at it. Defendants deny all allegations in this paragraph that are not

16  expressly admitted.

17  22.  Defendants admit that Trooper Schoenborn heard the person state "you're

18  not going to violate my rights today" at least once. Defendants deny all

19  allegations in this paragraph that are not expressly admitted.

20

21

22

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

5

23.  Defendants admit Trooper Schoenborn stated "What are you talking about? I am seeing if you are okay" upon exiting his patrol vehicle. Defendants deny all allegations in this paragraph that are not expressly admitted.

24.  Defendants admit that Trooper Schoenborn heard the person state that they were "okay" that "you are not going to violate my rights today" and that they "did not need your services." Defendants deny all allegations in this paragraph that are not expressly admitted.

25.  Defendants admit Trooper Schoenborn directed the person to step back to their car and the person refused. Defendants deny all allegations in this paragraph that are not expressly admitted.

26.  Defendants admit Trooper Schoenborn informed the person that license plate covers are illegal in Washington State. Defendants deny all allegations in this paragraph that are not expressly admitted.

27.  Defendants admit Oregon plates were on the silver sedan. Defendants deny all allegations in this paragraph that are not expressly admitted.

28.  Defendants deny.

29.  Defendants deny.

30.  Defendants deny.

31.  Defendants admit that the person informed Trooper Schoenborn that they had one leg and that they were an amputee after stating "de-escalate" and

DEFENDANTS WASHINGTON STATE PATROL, DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

6

1  "let's de-escalate." Defendants deny all allegations in this paragraph that are
2  not expressly admitted.

3  32.  Defendants admit that Trooper Schoenborn stated that he was trying to de-
4       escalate the situation, and that Trooper Schoenborn requested the person's
5       license, registration, and proof of insurance. Defendants deny all allegations
6       in this paragraph that are not expressly admitted.

7  33.  Defendants admit that Trooper Schoenborn arrested the person after they
8       refused to identify themselves. Defendants deny all allegations in this
9       paragraph that are not expressly admitted.

10 34.  Defendants admit that the person attempted to resist and failed to comply
11      with Trooper Schoenborn's request that they identify themselves.
12      Defendants lack knowledge and information sufficient to form a belief about
13      the truth of the remaining averments in this paragraph and therefor deny the
14      same.

15 35.  Defendants deny.

16 36.  Defendants admit Trooper Schoenborn heard the person shout "stop
17      touching me." Defendants deny all allegations in this paragraph that are not
18      expressly admitted.

19 37.  Defendants admit Trooper Schoenborn stated "I haven't touched you once
20      yet" prior to placing the person under arrest. Defendants deny all allegations
21      in this paragraph that are not expressly admitted.

22

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1     38.     Defendants admit that Trooper Schoenborn arrested the person after they

2                refused to identify themselves. Defendants deny all allegations in this

3                paragraph that are not expressly admitted.

4     39.     Defendants admit that Trooper Schoenborn arrested the person after they

5                refused to identify themselves. Defendants deny all allegations in this

6                paragraph that are not expressly admitted.

7     40.     Defendants deny.

8     41.     Defendants admit the person stated: "you're going to lose all qualified

9                immunity, bro," "don't shove me dude—I've got one leg bro—be nice."

10               Defendants deny all allegations in this paragraph that are not expressly

11               admitted.

12     42.     Defendants lack knowledge and information sufficient to form a belief about

13               the truth of the averments in this paragraph and therefor deny the same.

14     43.     Defendants admit Trooper Schoenborn placed the person in the rear of his

15               patrol vehicle where the person was read their Constitutional Rights.

16               Defendants deny all allegations in this paragraph that are not expressly

17               admitted.

18     44.     Defendants admit that on March 5, 2025, the person was seated in the rear

19               of Trooper Schoenborn's patrol vehicle at approximately 16:33 and

20               remained there until approximately 17:26 (except for a two-minute period

21               during which a search occurred) whereupon the person was repositioned.

22

DEFENDANTS WASHINGTON STATE PATROL, DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1  Defendants deny all allegations in this paragraph that are not expressly

2  admitted.

3  45.  Defendants admit the person was removed from the back of the patrol

4  vehicle and allowed to stretch. Defendants further admit that the person was

5  positioned in the patrol vehicle in such a manner that allowed them to stretch

6  across the back seats. Defendants deny all allegations in this paragraph that

7  are not expressly admitted.

8  46.  Defendants admit the person requested to speak to a sergeant and further

9  admit that Sergeant Hovinghoff spoke to the person. Defendants deny all

10  allegations in this paragraph that are not expressly admitted.

11  47.  Defendants deny.

12  48.  Defendants admit Sergeant Hovinghoff requested that the person sign a

13  waiver releasing WSP from liability that may result from leaving the silver

14  sedan on the shoulder so that it may remain there until it was retrieved by a

15  third party. Defendants deny all allegations in this paragraph that are not

16  expressly admitted.

17  49.  Defendants deny.

18  50.  Defendants admit Trooper Schoenborn completed a Jail Intake

19  Authorization Form that authorized the Klickitat County Jail to book and

20  hold a person listed as Cameron J Wilson. Defendants further admit the jail

21  intake form lists the "time in" as "1814 hrs" and that the criminal charge

22

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

upon which the arrest was made is listed as RCW 46.61.021(3), failure to identify. Defendants deny all allegations in this paragraph that are not expressly admitted.

51. Defendants admit that the person identified themselves as Cameron J Wilson and provided a date of birth sometime between their arrest and booking. Defendants deny all allegations in this paragraph that are not expressly admitted.

52. Defendants deny.

53. Defendants admit the person was asked questions during the booking process. Defendants deny all allegations in this paragraph that are not expressly admitted.

54. Defendants admit the booking occurred on March 5, 2025, which is after January 2025. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining averments in this paragraph and therefor deny the same.

55. Defendants admit Trooper Schoenborn stated no force was used during the arrest. Defendants deny all allegations in this paragraph that are not expressly admitted.

56. Defendants deny.

57. Defendants deny.

58. Defendants deny.

DEFENDANTS WASHINGTON STATE PATROL, DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1  59.  Defendants deny.

2  60.  Defendants deny.

3  **V.   CAUSES OF ACTION**

4  **FIRST CAUSE OF ACTION**

5  Fourth Amendment Violations (42 U.S.C.§ 1983)

6  (Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

7  61.  Defendants incorporate their responses to the preceding paragraphs
8       incorporated by Plaintiff as if fully set forth herein.

9  62.  Defendants admit the Fourth Amendment states: "The right of the people to
10      be secure in their persons, houses, papers, and effects, against unreasonable
11      searches and seizures, shall not be violated, and no warrants shall issue, but
12      upon probable cause, supported by oath or affirmation, and particularly
13      describing the place to be searched, and the persons or things to be seized."
14      Defendants deny all allegations in this paragraph that are not expressly
15      admitted.

16 63.  Defendants admit that 42 U.S.C. § 1983 states in part: "Every person who,
17      under color of any statute, ordinance, regulation, custom, or usage, of any
18      State or Territory or the District of Columbia, subjects, or causes to be
19      subjected, any citizen of the United States or other person within the
20      jurisdiction thereof to the deprivation of any rights, privileges, or immunities
21      secured by the Constitution and laws, shall be liable to the party injured in

22

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

11

1    an action at law, suit in equity, or other proper proceeding for redress, except

2    that in any action brought against a judicial officer for an act or omission

3    taken in such officer's judicial capacity, injunctive relief shall not be granted

4    unless a declaratory decree was violated or declaratory relief was

5    unavailable." Defendants deny all allegations in this paragraph that are not

6    expressly admitted.

7    64.    Defendants admit.

8    65.    Defendants deny.

9    66.    Defendants deny.

10   67.    Defendants deny.

11   68.    Defendants deny.

12                        **SECOND CAUSE OF ACTION**

13                First Amendment Violations (42 U.S.C. § 1983)

14        (Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

15   69.    Defendants incorporate their responses to the preceding paragraphs

16          incorporated by Plaintiff as if fully set forth herein.

17   70.    Defendants admit the First Amendment states: "Congress shall make no law

18          respecting an establishment of religion, or prohibiting the free exercise

19          thereof; or abridging the freedom of speech, or of the press; or the right of

20          the people peaceably to assemble, and to petition the Government for a

21

22
     DEFENDANTS WASHINGTON              12
     STATE PATROL, DAVID
     SCHOENBORN AND SERGEANT
     HOVINGHOFF'S ANSWER TO
     PLAINTIFF'S COMPLAINT FOR
     DAMAGES AND JURY DEMAND

1      redress of grievances." Defendants deny all allegations in this paragraph that

2      are not expressly admitted.

3   71.   Defendants admit the "First Amendment right to film matters of public

4      interest[]" is clearly established. *Fordyce v. City of Seattle*, 55 F.3d 436, 439

5      (9th Cir. 1995). Defendants further admit that the speech protected by the

6      First Amendment may be subject to certain restrictions, like time, place, or

7      manner. *E.g. Berger v. City of Seattle*, 569 F.3d 1029, 1036 (9th Cir. 2009).

8      Defendants deny all allegations in this paragraph that are not expressly

9      admitted.

10   72.   Defendants deny.

11   73.   Defendants deny.

12   74.   Defendants deny.

13               **THIRD CAUSE OF ACTION**

14         Fourteenth Amendment Violations (42 U.S.C. § 1983)

15     (Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

16   75.   Defendants incorporate their responses to the preceding paragraphs

17      incorporated by Plaintiff as if fully set forth herein.

18   76.   Defendants admit Section 1 of the Fourteenth Amendment states: "All

19      persons born or naturalized in the United States, and subject to the

20      jurisdiction thereof, are citizens of the United States and of the state wherein

21      they reside. No state shall make or enforce any law which shall abridge the

22

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

13

1  privileges or immunities of citizens of the United States; nor shall any state

2  deprive any person of life, liberty, or property, without due process of law;

3  nor deny to any person within its jurisdiction the equal protection of the

4  laws." Defendants deny all allegations in this paragraph that are not

5  expressly admitted.

6  77.  Defendants deny.

7  78.  Defendants deny.

8  79.  Defendants deny.

9  **FOURTH CAUSE OF ACTION**

10  Americans with Disabilities Act Violations (42 U.S.C. § 12132)

11  (Against Defendants Washington State Patrol)

12  80.  Defendants incorporate their responses to the preceding paragraphs

13  incorporated by Plaintiff as if fully set forth herein.

14  81.  Defendants admit that the partial quote of 42 U.S.C. § 12132 is accurately

15  stated and that this paragraph omits the initial phrase stating: "Subject to the

16  provisions of this subchapter . . ." Defendants deny all allegations in this

17  paragraph that are not expressly admitted.

18  82.  Defendants lack knowledge and information sufficient to form a belief about

19  the truth of the averments in this paragraph and therefor deny the same.

20  83.  Defendants admit that Washington State Patrol is a department of State

21  government, which 42 U.S.C. § 12131(1) defines as a "public entity."

22  DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1     Defendants deny all allegations in this paragraph that are not expressly

2     admitted.

3   84.   Defendants deny.

4   85.   Defendants deny.

5             **FIFTH CAUSE OF ACTION**

6             Assault and Battery (State law)

7     (Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

8   86.   Defendants incorporate their responses to the preceding paragraphs

9     incorporated by Plaintiff as if fully set forth herein.

10   87.   Defendants admit that Washington law generally follows the Restatement

11     (Second) of Torts in its definition of assault where Section 21 states: "(1) An

12     actor is subject to liability to another for assault if (a) he acts intending to

13     cause a harmful or offensive contact with the person of the other or a third

14     person, or an imminent apprehension of such a contact, and (b) the other is

15     thereby put in such imminent apprehension." Defendants further admit

16     Washington law generally follows the Restatement (Second) of Torts in its

17     definition of battery where Section 13 states: "An actor is subject to liability

18     to another for battery if (a) he acts intending to cause a harmful or offensive

19     contact with the person of the other or a third person, or an imminent

20     apprehension of such a contact, and (b) a harmful contact with the person of

21

22

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

15

1    the other directly or indirectly results." Defendants deny all allegations in

2    this paragraph that are not expressly admitted.

3    88.   Defendants deny.

4    89.   Defendants deny.

5    90.   Defendants deny.

6    91.   Defendants deny.

7                          **SIXTH CAUSE OF ACTION**

8            Intentional Infliction of Emotional Distress (State Law)

9        (Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

10   92.   Defendants incorporate their responses to the preceding paragraphs

11         incorporated by Plaintiff as if fully set forth herein.

12   93.   Defendants admit that intentional infliction of emotional distress, or outrage,

13         requires "the proof of three elements: (1) extreme and outrageous conduct,

14         (2) intentional or reckless infliction of emotional distress, and (3) actual

15         result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wash.

16         2d 192, 195, 66 P.3d 630, 632 (2003). Defendants deny all allegations in this

17         paragraph that are not expressly admitted.

18   94.   Defendants deny.

19   95.   Defendants deny.

20   96.   Defendants deny.

21   97.   Defendants deny.

22

DEFENDANTS WASHINGTON                    16
STATE PATROL, DAVID
DAMAGES AND JURY DEMAND

1  98.   Defendants deny.

2  99.   Defendants deny.

3  100.  Defendants deny.

4  **SEVENTH CAUSE OF ACTION**

5  101.  Defendants incorporate their responses to the preceding paragraphs

6        incorporated by Plaintiff as if fully set forth herein.

7  102.  Defendants admit that, as explained in *Bender v. City of Seattle*, "[t]he gist

8        of an action for false arrest or false imprisonment is the unlawful violation

9        of a person's right of personal liberty or the restraint of that person without

10       legal authority." 99 Wash. 2d 582, 591, 664 P.2d 492, 499 (1983).

11       Defendants deny all allegations in this paragraph that are not expressly

12       admitted.

13 103.  Defendants deny.

14 104.  Defendants deny.

15 105.  Defendants deny.

16 106.  Defendants deny.

17 **EIGHTH CAUSE OF ACTION**

18 Negligent Training and Supervision (State Law)

19 (Against Defendants Trooper Schoenborn and Sergeant Hovinghoff)

20 107.  Defendants incorporate their responses to the preceding paragraphs

21       incorporated by Plaintiff as if fully set forth herein.

22

DEFENDANTS WASHINGTON STATE PATROL, DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

17

1    108.   Defendants admit that some employers owe a duty to exercise reasonable

2         care in training some employees, but Defendants are unable to admit all

3         conceivable ways that this allegation may be construed and therefore deny

4         the allegations contained herein. Defendants deny all allegations in this

5         paragraph that are not expressly admitted.

6    109.   Defendants deny.

7

## PRAYER FOR RELIEF

8       Defendants deny Plaintiff is entitled to the relief requested or to any relief

9   whatsoever from the Defendants. To the extent Plaintiff's Prayer for Relief sets

10  forth any averments of fact, Defendants deny.

11

## DEMAND FOR JURY TRIAL

12      Defendants acknowledge Plaintiff's demand that this matter is tried before a

13  jury. To the extent Plaintiff's jury demand sets forth any averments of fact,

14  Defendants deny.

15

## EXPRESS DENIAL AND RESERVATION OF RIGHTS

16      Defendants deny each and every allegation in the Complaint that is not

17  expressly admitted herein. Defendants reserve the right to amend this answer by

18  adding affirmative defenses warranted by investigation and discovery and to make

19  such amendments either before or during trial, including asserting other defense

20  theories or conforming the pleadings to the proof offered at the time of trial.

21

22

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

18

# VI. AFFIRMATIVE DEFENSES

By Way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, Defendants allege:

## 1. JURISDICTION

The court lacks jurisdiction over the subject matter of this action.

## 2. CLAIM FILING

Plaintiff failed to file a claim against the State of Washington as required by RCW 4.92.100 and .110 or that the claim filed is insufficient.

## 3. COMPARATIVE FAULT

The injuries and damages, if any, claimed by the plaintiff were proximately caused or contributed to by the fault of Plaintiff as defined by RCW 4.22.015.

## 4. NONPARTY AT FAULT

The damages and/or injuries, if any, were caused by the fault of a nonparty for purposes of RCW 4.22.070(1). The identity of this nonparty who conducted Plaintiff's booking and detention is currently unknown to the defendants.

## 5. FAILURE TO STATE A CLAIM

Plaintiff failed to state a claim upon which relief may be granted.

## 6. GOOD FAITH

Defendants at all times acted in good faith in the performance of their duties and are therefore immune from suit for the matters charged in Plaintiff's complaint.

//

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

19

1  7.  MITIGATION OF DAMAGES

2  Plaintiff's damages, if any, are barred by the plaintiff's failure to mitigate

3  said damages.

4  8.  ELEVENTH AMENDMENT IMMUNITY

5  The defendant, State of Washington, its agencies and agents, are not subject

6  to civil suit for damages under the Eleventh Amendment of the Constitution of the

7  United States.

8  9.  QUALIFIED IMMUNITY

9  The claims alleged under 42 U.S.C. § 1983 against the state employees are

10  barred by the doctrine of qualified immunity.

11  **VII.  CONCLUSION**

12  WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed

13  with prejudice as to the State of Washington and that Plaintiff takes nothing by his

14  Complaint and that Defendants be allowed their costs and reasonable attorney fees

15  herein.

16  //

17  //

18  //

19  //

20  //

21  //

22

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

20

1    In the event this case proceeds to trial, Defendants, Washington State Patrol,

2   David Schoenborn and Sergeant Hovinghoff demand that this case be tried to a

3   jury.

4          DATED this 25th day of July, 2025.

5                                          NICHOLAS W. BROWN
                                           Attorney General

6

7                                           s/Brandon Slaven
                                           BRANDON SLAVEN, WSBA No. 57123

8                                          Assistant Attorney General
                                           Attorneys for the Defendants

9                                          1116 W. Riverside Ave., Suite 100
                                           Spokane, WA 99201-1106

10                                         (509) 456-3123
                                           Brandon.Slaven@atg.wa.gov

11

12

13

14

15

16

17

18

19

20

21

22

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

## PROOF OF SERVICE

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

CAMERON JAMES WILSON
1312 SOUTH 44TH
YAKIMA, WA 98908
cam@piitp.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 25th day of July, 2025, at Spokane, Washington.

NICHOLAS W. BROWN
Attorney General

s/*Brandon Slaven*
BRANDON SLAVEN, WSBA No. 57123
Assistant Attorney General
Attorneys for the Defendants
1116 W. Riverside Ave., Suite 100
Spokane, WA 99201-1106
(509) 456-3123
Brandon.Slaven@atg.wa.gov

DEFENDANTS WASHINGTON
STATE PATROL, DAVID
SCHOENBORN AND SERGEANT
HOVINGHOFF'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND JURY DEMAND

22