Brandon Slaven
Assistant Attorney General
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
509-456-3123

HONORABLE MARY K. DIMKE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| CAMERON JAMES WILSON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SCHOENBORN AND<br>SERGEANT HOVINGHOFF,<br><br>Defendants. | NO. 1:25-cv-03038-MKD<br><br>DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S REPLY IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT<br><br>June 4, 2026<br>WITHOUT ORAL ARGUMENT |

## I.    INTRODUCTION

Wilson fails to carry his burden and establish the essential elements of his claims. Further, he presents no significant probative evidence that supports these claims. As the video recordings show, Defendants are entitled to summary judgment because no genuine material issue of fact exists in this matter. Trooper Schoenborn acted well within his authority by arresting Wilson for failing to identify himself after developing an independent basis to investigate an infraction during a welfare check. Additionally, Defendants are entitled to

SCHOENBORN AND
HOVINGHOFF'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT

1

qualified immunity because there is no clearly established right to disregard a state's laws and refuse to comply with a statute that requires a person in charge of a vehicle to identify themselves. For these reasons, and those set forth below, Wilson's claims should be dismissed and judgment entered for Defendants.

## II.    LAW AND ARGUMENT

**A.    Wilson Cannot Make Out a Claim for a Violation of a Clearly Established Constitutional Right Protected by the Constitution**

**1.    Wilson's detention and arrest were supported by probable cause and Defendants are entitled to qualified immunity**

There is no support for the proposition that an officer is unable to investigate a traffic infraction merely because the officer witnessed the infraction while checking on the welfare of a motorist parked on the shoulder of a highway. "An officer is entitled to rely on his training and experience in drawing inferences from the facts he observes, but those inferences must also be grounded in objective facts and be capable of rational explanation." *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000) (internal quotation omitted).

Despite Wilson's contentions, violating Title 46 of the Revised Code of Washington is a traffic infraction. Wash. Rev. Code § 46.64.050. The non-resident exemption found in Wash. Rev. Code § 46.16A.160(1)(b) provides Wilson no safe harbor because it requires the non-resident license plate "displayed on the vehicle substantially as required in this [Washington] state." A license plate's display through the *use* of a license plate covering violates Title

SCHOENBORN AND HOVINGHOFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

46. Wash. Rev. Code § 46.16A.200(7)(C). *Operating* a vehicle that displays a covered plate is a separate unlawful act. Wash. Rev. Code § 46.16A.200(7)(d). Trooper Schoenborn witnessed the use of license plate coverings, which provided the independent and objective basis for the continued interaction with Wilson. ECF No. 25 at 2, ¶ 5.

The interaction escalated when Wilson refused a direct order from Trooper Schoenborn and refused to identify himself. *Id*. at 2-3, ¶¶ 7-10. A person has a duty to identify themselves pursuant to an investigation of a traffic infraction. Wash. Rev. Code § 46.61.021(3). The penalty for refusing to identify is a misdemeanor. Wash. Rev. Code § 46.61.020(2). Officers are permitted to arrest persons for committing a misdemeanor when it is committed in their presence. Wash. Rev. Code § 10.31.100. Here, Trooper Schoenborn witnessed (and his body worn camera captured) Wilson's infraction and subsequent decision to commit a misdemeanor. ECF No. 25 at 3, ¶¶ 9-10; *id*. at Ex. A.

Further, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (*quoting Whren v. United States*, 517 U.S. 806, 813 (1996)). Wash. Rev. Code § 46.61.020(1) states a misdemeanor occurs when a person *in charge of* a vehicle refuses to identify themselves. That is, even if the infraction investigation was

SCHOENBORN AND HOVINGHOFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

3

improper, the arrest was valid given there is no dispute Wilson was in charge of the vehicle. *See e.g.* ECF No 32 at 7-8 (with references to "Plaintiff's vehicle"; *See also* ECF No. 18 at 3, ¶ 8 stating "Plaintiff . . . stopped his vehicle on the shoulder . . ."). There is also no dispute Wilson failed to identify himself. ECF No. 32-1 at 2, ¶ 7. Thus, no constitutional violation occurred and the arrest was within Trooper Schoenborn's authority. Wilson provides no significant probative evidence to the contrary and summary judgment is appropriate.

Finally, even if the cause for the detention or arrest set forth above was improper, the officers reasonably concluded that probable cause existed. Wilson failed to identify any controlling authority that indicates he had a clearly established constitutional right to park a vehicle alongside a highway and then refuse to identify himself when asked about that vehicle's illegal license plate covering. Simply, Washington Law requires a person in charge of a vehicle to identify themselves or face arrest. Wash. Rev. Code § 46.61.020(2), 10.31.100. Thus, Defendants acted reasonably by conducting themselves pursuant to these statutes and are entitled to qualified immunity. That is, even if a constitutional right was violated—it was not a clearly established right. Wilson's claims of wrongful arrest or false imprisonment should be dismissed.

SCHOENBORN AND HOVINGHOFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
509-456-3123

**2.    Wilson's claims arising out of the seizure of his cell phone should be dismissed because a search incident to arrest is constitutional and no facts support the claim that the seizure was improper**

Wilson's response inserts an unpled claim based on the contention that seizure of a cell phone pursuant to an arrest violates the Fourth and First Amendment. *Compare* ECF No. 18 at 11-12 *with* ECF. No. 32 at 17-18. A "custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." *Riley v. California*, 573 U.S. 373, 384, (2014). As described above, Wilson's arrest was supported by probable cause. Even if Wilson was permitted to assert this unpled claim, the claim fails because well-settled law states that the search incident to arrest and the seizure of his phone pursuant thereto required no additional justification. Moreover, and even if the arrest was not supported by probable cause, the officers are entitled to qualified immunity because acting according to their reasonable belief that probable cause existed places their acts within established law.

Finally, Wilson sets forth no facts that support the claim that his arrest occurred because he was exercising a First Amendment right, or that his arrest or the seizure of his phone arose out of animus. As captured by video, the seizure of Wilson's phone occurred because he was arrested. ECF No. 25 at 15; *id*. at Ex. B. The phone or recording did not cause the arrest. *Id*. Wilson's claims arising out of the seizure of his phone should be dismissed.

SCHOENBORN AND
HOVINGHOFF'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT

5

### 3.    Wilson abandons his due process and equal protection claims

Wilson's response fails to identify a genuine material issue of fact that pertains to his due process claims. Thus, summary judgment is proper. Further, Wilson's response asserts—for the first time—that his complained of treatment was based upon race. ECF No. 32 at 25. Wilson's specious argument fails to identify any facts supporting his contention and none were alleged. *See* ECF No. 18 (Second Amended Complaint). Thus, granting summary judgment for Defendants is similarly proper on these claims.

### 4.    Excessive Force

Wilson attempts to advance an unpled excessive force claim. *Compare* ECF No. 32 at 12-14 *with* ECF No. 18. "Excessive force claims require (1) a seizure and (2) excessive force." *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024). There is no dispute Wilson was arrested, but his claim that Trooper Schoenborn used excessive force is contradicted by the video depicting his arrest. *See* ECF No. 25 at 13; *id*. at Ex. A. No reasonable jury could believe excessive force was used. Even if Wilson is permitted to assert this unpled claim, summary judgment is proper because there is no genuine issue of material fact relating to the use of excessive force. Moreover, even if the video created a question, the officers are entitled to qualified immunity because there is no clearly established right to be free from de minimis force while walking away from an officer that is conducting an arrest. *See* Declaration of Brandon Slaven,

SCHOENBORN AND HOVINGHOFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

6

¶ 3; *id*. at Ex. A, ¶¶ 6-7 (opining that the "least amount of physical force necessary" was used). Dismissal is appropriate.

**5.    The Americans With Disabilities Act (ADA) does not authorize a cause of action exists against the individual Defendants**

Defendants in their individual capacity are improper parties to Wilson's ADA and Rehabilitation Act claim. "Only public entities are subject to Title II." *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 610, (2015). Further, "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Wilson's cited authorities further highlight that agencies are the proper parties because none of the authorities cited in support of his ADA claim include individual defendants. Moreover, Wilson sets forth no facts that support Defendants acted in their official capacity and pursuant to a policy or practice that violates federal law.

Even if Defendants were a proper party, Wilson fails to establish essential elements of this claim because no facts that suggest Wilson made a request for an accommodation. Accordingly, there are no facts that create a genuine issue that is suitable for trial. Finally, no reasonable jury could conclude that Wilson's treatment was improper after viewing the video of his arrest. Thus, summary judgment is proper.

SCHOENBORN AND HOVINGHOFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

### 6. Supervisor liability

A supervisor may be liable "under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). "[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), *as amended* (Oct. 31, 2000). There is no dispute that "Hovinghoff arrived on scene after [Wilson] was detained in the rear of the patrol vehicle." ECF No. 32 at 21. No facts that suggest Sergeant Hovinghoff was aware of the arrest while it was occurring or otherwise directed or participated in the arrest. That is, even if a depravation of rights occurred, they were complete by the time Sergeant Hovinghoff arrived and he had no opportunity to intervene. Thus, any claim related to liability arising out of Sergeant Hovinghoff's supervisory position fails and summary judgment is appropriate.

### B. Request to Strike Ovens as Defendants' Expert

Fed. R. Evid. 702 states that an expert may testify in the form of an opinion or otherwise if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" Ovens' opinions draws on his thirty years of police experience, which is further detailed in his almost four pages of qualifications. Decl. Slaven, ¶ 3; *id*. at Ex. A. "The *Daubert* factors (peer review, publication, potential error rate,

SCHOENBORN AND
HOVINGHOFF'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT

8

etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000). Like the expert proffered and accepted in *Hankey*, Ovens has dedicated years to serving the public as a law enforcement officer and additional years serving agencies teaching police practices so that others may better serve the public. *Id*. His opinions are reliable because they rely on his extensive experience. His opinions are relevant because they directly address Defendants' acts. These opinions help provide a jury establish a framework for the events captured by video and suggest a standard by which a reasonable jury may measure against. Thus, disqualifying Ovens is improper.

## C.    Wilson's Request for Additional Discovery

Fed. R. Civ. P. 56(d) requires a nonmovant to show that it cannot present facts essential to justify its opposition in order to permit a court to allow time to take discovery. Here, a year after this matter was filed, Wilson asserts he cannot take depositions because he was involved in a "catastrophic motorcycle accident." ECF No. 32-1. Yet none of the items Wilson seeks to establish through depositions are material to his claims. Knowledge of Wilson's disability and the individual's ADA training is irrelevant when a cause of action cannot lie against Defendants. Even if the cause of action was proper, ADA training is irrelevant to the claim and there are other essential elements that Wilson failed to establish

SCHOENBORN AND HOVINGHOFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

9

(e.g. like the fact that he made a request for an accommodation). Similarly, Wilson has failed to state a claim relating to the seizure of his phone. His arrest and the facts in this matter were captured on undisputable video that was submitted with Defendants' Motion. Finally, the authority for Wilson's arrest is set out above. Like in *Celotex Corp. v. Catrett*, "no serious claim can be made that respondent was in any sense 'railroaded' by a premature motion for summary judgment." 477 U.S. 317, 326 (1986). Because there is no further factual development necessary for the Court to determine that no genuine issue of material fact exists, nor would obtaining the information sought change the outcome of this motion, granting summary judgment for Defendants is proper at this time.

### III.    CONCLUSION

Defendants respectfully request the Court grant summary judgment and dismiss the case with prejudice.

DATED this ___20___ day of May, 2026.

NICHOLAS W. BROWN
Attorney General

s/*Brandon Slaven*
_____
BRANDON SLAVEN, WSBA No. 57123
Assistant Attorney General
Attorneys for the Defendants
1116 W. Riverside Ave., Suite 100
Spokane, WA 99201-1106
509-456-3123
Brandon.Slaven@atg.wa.gov

**PROOF OF SERVICE**

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and via Electronic Service per Agreement:

> CAMERON JAMES WILSON
> 1312 SOUTH 44TH
> YAKIMA, WA 98908
> cam@piitp.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this __20__ day of May, 2026, at Spokane, Washington.

> NICHOLAS W. BROWN
> Attorney General
>
>
> s/*Brandon Slaven*
> _____
> BRANDON SLAVEN, WSBA No. 57123
> Assistant Attorney General
> Attorneys for the Defendants
> 1116 W. Riverside Ave., Suite 100
> Spokane, WA 99201-1106
> 509-456-3123
> Brandon.Slaven@atg.wa.gov

SCHOENBORN AND HOVINGHOFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

11