Brandon Slaven
Assistant Attorney General
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
509-456-3123

HONORABLE MARY K. DIMKE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAMERON JAMES WILSON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SCHOENBORN AND SERGEANT HOVINGHOFF,<br><br>Defendants. | NO. 1:25-cv-03038-MKD<br><br>DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE |

Defendants are treating Wilson's Declaration in Opposition to Defendants' Motion for Summary Judgment, ECF No. 32-1, as a statement of disputed facts despite its failure to address Defendants' asserted facts as required by L. Civ. R. 56(c)(1). The numbered paragraphs below correspond to the same numbered paragraphs in Wilson's Declaration.

1.    Competency and Personal Knowledge.

No facts are asserted to which Defendants may reply.

2.    Purpose of This Declaration.

No facts are asserted to which Defendants may reply.

DAVID SCHOENBORN AND
SERGEANT HOVINGHOFF'S
REPLY STATEMENT OF
MATERIAL FACTS NOT IN
DISPUTE

1

3.     Vehicle Was Parked; Engine Off.

No genuine dispute that Wilson parked his car on the side of the highway. However, this is not a material fact because the cited infraction did not require operation of the vehicle. ECF No. 25 at 2, ¶ 5.

4.     Oregon Vehicle Registration.

Defendants do not dispute the vehicle adorned license plate from Oregon State; however, the vehicle's registration was expired greater than two months. *Id*. at 4, ¶ 16. Further, this is not a material fact because Wash. Rev. Code § 46.16A.160(1)(b) requires the display of a license plate substantially as required in Washington State.

5.     The Encounter Began as a Welfare Check.

Defendants do not dispute that the encounter began as a welfare check; however, this is not a material fact because an independent basis for investigating an infraction resulted during the check. ECF No. 25 at 2, ¶¶ 4-5.

6.     Defendant Hovinghoff's Statements on Scene.

Defendants do not dispute that well-settled law requires that infractions may only be issued when committed in the officer's presence and Wilson was not cited for any infraction that occurred outside of the officer's presence.

DAVID SCHOENBORN AND
SERGEANT HOVINGHOFF'S
REPLY STATEMENT OF
MATERIAL FACTS NOT IN
DISPUTE

2

7.    The Demand for Identification.

Defendants do not dispute that Trooper Schoenborn demanded Wilson's license, registration, and proof of insurance. Nor do they dispute Wilson declined to identify himself.

8.    [Wilson's] Disability and Statements to Defendants.

Defendants do not dispute that Wilson stated he had one leg. ECF No. 25 at 3, ¶ 13; *id*. at Ex. A. However, this is not a material fact because the Defendants are not proper parties to Wilson's ADA cause of action.

9.    [Wilson's] Physical Movements During the Application of Force.

Defendants dispute that Wilson did not resist. As captured by body worn camera, Wilson attempted to flee by walking down the highway and attempted to interfere with Trooper Schoenborn's application of handcuffs. ECF No. 25 at 3, ¶ 13; *id*. at Ex. A.

10.    No Medical Evaluation or Accommodation Provided.

Defendants do not dispute that they did not request a medical evaluation from a third party. Defendants dispute Wilson's assertions to the extent they conflict with the video capturing the incident. *Id*.

11.    Defendant Hovinghoff Arrived After [Wilson's] Arrest and Spoke With [Wilson] Directly.

Defendants do not dispute that Sergeant Hovinghoff arrived at the

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

3

scene after Wilson was placed under arrest or that the two spoke. ECF No. 26 at 2, ¶¶ 4-5; *id.* at Ex. A. Further, this fact is not material to any of Plaintiff's claims because it merely establishes that the arrest was complete by the time Seargeant Hovinghoff arrived and that he could not intervene.

12.    [Wilson] Was Actively Recording the Encounter When [His] Phone Was Seized.

Defendants dispute that Wilson was recording when his phone was seized because his phone was seized during the subsequent search. ECF No. 25 at 3, ¶ 15; *id.* at Ex. B.

13.    The Prosecuting Authority Dismissed All Charges.

Defendants do not dispute that the Klickitat County Prosecutor declined to prosecute Wilson. However, a prosecutor's independent exercise of judgment is immaterial to Wilson's claims because the prosecutor may have declined to prosecute for reasons unrelated to the existence of probable cause. Nothing but impermissible speculation supports any argument relating to the prosecutor's underlying justification.

14.    Emotional Distress and Harm Caused by Defendants' Conduct.

Defendants dispute Wilson's characterization of his injuries because the characterization is unsupported by the record.

15.    Physical Incapacitation and Inability to Conduct Depositions.

Defendants dispute Wilson's characterization of his ability to

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

4

prosecute this litigation because it is contradicted by Wilson's filings and record in this matter. Further, Defendants dispute whether Plaintiff's ability to prosecute this litigation is a material issue to any of his claims.

DATED this __20__ day of May, 2026.

NICHOLAS W. BROWN
Attorney General

_s/*Brandon Slaven*_____
BRANDON SLAVEN, WSBA No. 57123
Assistant Attorney General
Attorneys for the Defendants
1116 W. Riverside Ave., Suite 100
Spokane, WA 99201-1106
509-456-3123
Brandon.Slaven@atg.wa.gov

DAVID SCHOENBORN AND
SERGEANT HOVINGHOFF'S
REPLY STATEMENT OF
MATERIAL FACTS NOT IN
DISPUTE

5

**PROOF OF SERVICE**

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and via Electronic Service per Agreement:

> CAMERON JAMES WILSON
> 1312 SOUTH 44TH
> YAKIMA, WA 98908
> cam@piitp.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this __20__ day of May, 2026, at Spokane, Washington.


NICHOLAS W. BROWN
Attorney General


 s/*Brandon Slaven*
BRANDON SLAVEN, WSBA No. 57123
Assistant Attorney General
Attorneys for the Defendants
1116 W. Riverside Ave., Suite 100
Spokane, WA 99201-1106
509-456-3123
Brandon.Slaven@atg.wa.gov

DAVID SCHOENBORN AND
SERGEANT HOVINGHOFF'S
REPLY STATEMENT OF
MATERIAL FACTS NOT IN
DISPUTE

6