FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAMERON JAMES WILSON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SCHOENBORN,<br>SERGEANT HOVINGHOFF,<br><br>Defendants. | No.  1:25-CV-03038-MKD<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT WITH LEAVE TO<br>RENEW<br><br>**ECF No. 23** |

Before the Court is Defendants' Motion for Summary Judgment.  ECF No. 23.  Defendants filed their motion before the close of discovery, which remains open until June 22, 2026.  *See* ECF No. 19 at 19.  Plaintiff, proceeding *pro se*, requests relief under Fed. R. Civ. P. 56(d), asserting that he has been unable to conduct depositions of Defendants and Defendants' expert due to physical incapacitation and indigency and identifying the discovery he contends is necessary to oppose Defendants' motion.  ECF No. 32 at 27-28; ECF No. 32-1.

Fed. R. Civ. P. 56(d) permits the Court to defer consideration of a summary judgment motion, allow time for discovery, or issue another appropriate order

ORDER - 1

when the nonmovant shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition.  Plaintiff's showing identifies discovery directed to factual issues raised by Defendants' motion, including Defendants' observations and perceptions during the encounter, the sequence of events leading to Plaintiff's detention and arrest, the basis for the request that Plaintiff identify himself, the basis for Plaintiff's arrest, and the parties' differing accounts of Plaintiff's conduct during the encounter.

Defendants argue that no further discovery is necessary because the video evidence conclusively resolves the material facts and because Defendants are entitled to qualified immunity.  ECF No. 33 at 1-2.  The Court recognizes "the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)).  However, on the present record and before the close of discovery, the Court concludes that Plaintiff should have the opportunity to complete discovery bearing on the factual issues raised by Defendants' motion before the Court resolves summary judgment.

The Court does not decide at this stage whether the video evidence ultimately forecloses any of Plaintiff's claims.  Video evidence may control at summary judgment where it blatantly contradicts the nonmovant's version of events such that no reasonable jury could believe that version. *Scott v. Harris*, 550

ORDER - 2

U.S. 372, 380-81 (2007); *Hughes v. Rodriguez*, 31 F.4th 1211, 1218-20 (9th Cir. 2022).  However, "[t]he mere existence of video footage of the incident does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from that footage." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018) (citation omitted).  Plaintiff's requested depositions may bear on the context, sequence, and disputed factual predicates relevant to Defendants' motion.

Accordingly, pursuant to Rule 56(d), the Court denies Defendants' motion, without prejudice and with leave to renew following the close of discovery.  The Court expresses no view on the merits of Defendants' qualified immunity arguments or any other ground raised in the motion.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendants' Motion for Summary Judgment, **ECF No. 23**, is **DENIED** without prejudice and with leave to renew following the close of discovery, pursuant to Fed. R. Civ. P. 56(d).

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to the parties.

DATED May 26, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3