FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CAMERON JAMES WILSON,

Plaintiff,

v.

DAVID SCHOENBORN,
SERGEANT HOVINGHOFF,

Defendants.

No.  1:25-CV-03038-MKD

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER

**ECF Nos. 39, 40**

Before the Court are the parties' Stipulated Motion for Protective Order, ECF No. 39, and Stipulated Motion to Expedite, ECF No. 40.  The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS HEREBY ORDERED:**

1.    The parties' Stipulated Motion for Protective Order, **ECF No. 39**, and Stipulated Motion to Expedite, **ECF No. 40**, are **GRANTED**.

ORDER - 1

# PROTECTIVE ORDER

1.     This Protective Order governs the handling of information, including documents (as defined in Rule 34 of the Federal Rules of Civil Procedure), tangible things, depositions and deposition exhibits, interrogatory answers, responses to requests for admission, and other written, recorded, video recorded, electronic or graphic matter ("discovery material") produced by any party or nonparty during the proceedings in this action, which contain "Protected Information" as hereinafter defined. All such discovery material disclosed during the course of this litigation that contains Protected Information, as defined below, are hereby subject to the following terms and conditions, and shall be disclosed only as provided by this Stipulated Protective Order:

2.     "Protected Information" means discovery material that contains sensitive information, including, but not limited to, medical, psychiatric or other therapeutic records, confidential investigations, internal employee investigations and/or employment records, financial records, citizen complaints, and disciplinary actions, the disclosure of which without restriction could cause harm to the disclosing party. However, "Protected Information" shall not include sworn testimony regarding the official conduct of public servants taken in their official capacity, as such information is a matter of public record and public concern under the First Amendment to the United States Constitution, the Washington State Constitution

ORDER - 2

Article I, Section 5, and the strong presumption of public access to judicial records recognized in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). No party may designate as "Confidential" any portion of a deposition transcript or audio recording in which a public official describes, explains, or testifies about actions taken in their official capacity.

3.    Protected Information disclosed in this action and designated "Confidential" shall be used by the parties solely for the purposes of this litigation, and shall not be given, shown, made available, discussed, or otherwise communicated in any form, except as provided herein, other than with the express written consent of the producing party or pursuant to Court Order.

4.    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "Confidential" to each page that contains Protected Information. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5.    Testimony given in deposition: Any party or non-party may designate portions of the audio or transcribed testimony, or exhibits thereto, as Confidential, provided that such designation is limited strictly to Protected Information as

ORDER - 3

defined in Paragraph 2 and does not encompass any testimony regarding the official conduct of the deponent in their capacity as a public servant. The Confidential designations arising out of deposition testimony should be made as soon as is practicable after preparation and receipt of a transcript of the deposition. Should the parties wish to use any document marked "Confidential" in the course of taking depositions, that party shall designate the document as confidential on the record.

6.    Video of testimony given in deposition: Any party or non-party may not publicly disseminate, on the internet or otherwise, the video imagery captured during deposition testimony. Video imagery shall be used by the parties solely for the purposes of this litigation. It shall not be given, shown, or made available, except as provided herein or with the express written consent of the deponent or Court order. This Order does not preclude either party from providing an audio visually recorded deposition to a third-party for the purposes of obtaining a transcript of the deposition, nor does this Order preclude either party from hereafter publishing video imagery of testimony that is admitted into evidence at trial and thereby a public record. This restriction applies exclusively to the video imagery of the deposition. It does not restrict, limit, or prohibit the public dissemination, publication, broadcast, or use in any form of (a) the audio recording of the deposition, or (b) the written transcript of the deposition, subject only to specific,

ORDER - 4

targeted redactions of Protected Information as defined in Paragraph 2 of this Order. For the avoidance of doubt, Plaintiff Cameron James Wilson retains the full and unencumbered right to publish, broadcast, and publicly discuss the audio recording and written transcript of any deposition taken in this matter.

7.    As to all discovery material provided, under no circumstances, other than those specifically provided for in this, or subsequent court orders, shall Protected Information be disclosed to persons other than the following:

 a. the parties, receiving party's counsel, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

 b. persons retained by any party as independent consultants or independent potential expert witnesses;

 c. any person who is an author, addressee, or recipient of, or who previously had access to the Protected Information;

 d. the Court and its personnel;

 e. copy or imaging services retained by counsel to assist in the duplication of discovery material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any discovery material to third parties and to immediately return all originals and copies of any Protected Information;

ORDER - 5

f.   other persons only upon order of the Court, or upon stipulation of the parties.

8.   Any person given access to Protected Information must first be informed by a party or their counsel of the obligations imposed by this Order, must read the Order, and must agree to abide by its terms.

9.   Any person receiving Protected Information under the terms of this Order shall be subject to the jurisdiction of this Court for purposes of any proceedings relating to compliance with or violations of this Order.

10.   Protected Information should be marked "Confidential" at the time of its production.

11.   If a producing party determines that a previously-produced document inadvertently was not identified as containing Protected Information, the producing party shall give notice in writing that the information is to be treated as Protected Information. After the receipt of such notice by a party or opposing counsel, the designated document shall be treated as Protected Information in accordance with this Order.

12.   Except as otherwise provided for in this Order, all "Protected Information" shall remain in possession of counsel for the respective parties, or the parties themselves, and be stored in a secure place.

ORDER - 6

13.     Each person covered by this Order shall take all necessary precautions to prevent disclosure of Protected Information. The obligations imposed by this Order shall survive the entry of final judgment in this matter.

14.     Should the parties wish to use any document marked "Confidential" in support of a brief filed with the Court, that party shall take all reasonable steps to file such document in redacted form if possible, or follow the procedures set forth by General Order No. 2025-13[1] for filing under seal.

15.     Should a party object to the designation of a certain document as "Confidential," the parties shall first attempt to resolve the objection without intervention by the Court. Should the parties fail to resolve the matter by agreement, nothing in this Order prevents the parties from submitting the matter to the Court for resolution. Until the Court resolves the matter, the disputed information shall be treated as Protected Information.

16.     Nothing contained in this Order precludes a party from seeking relief from this Order, or from seeking greater protection for specified information, through the filing of an appropriate motion with the Court.

17.     Within 30 days after the conclusion of this action, including an appeal or remand, counsel shall: (i) destroy all Protected Information, except one copy

---

[1] Available at: https://www.waed.uscourts.gov/sites/default/files/general-ordes/2025-13.pdf

ORDER - 7

that counsel for each party, or the parties themselves, may keep as part of its case file.

Counsel, or the parties themselves, shall promptly report any breach of the provisions of this Order to opposing counsel. Upon discovery of any breach, the discoverer shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to any person or persons not covered by this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to the parties.

DATED June 2, 2026.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 8