Brandon Slaven
Assistant Attorney General
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
509-456-3123

HONORABLE MARY K. DIMKE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| CAMERON JAMES WILSON, | NO. 1:25-cv-03038-MKD |
| Plaintiff, | DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT |
| v. | |
| DAVID SCHOENBORN AND SERGEANT HOVINGHOFF, | AUGUST 18, 2026 |
| Defendants. | WITHOUT ORAL ARGUMENT |

## I.    RELIEF REQUESTED

On March 5, 2025, Trooper Schoenborn stopped alongside State Route 97 near the Washington-Oregon border to check on the driver of a silver sedan. He was greeted by Cameron Wilson. Trooper Schoenborn requested Wilson return to his vehicle, and Wilson responded by stating that he would not follow an unlawful order. Trooper Schoenborn then attempted to express that the license plate cover fastened to Wilson's vehicle was unlawful, but Wilson chose to start

DAVID SCHOENBORN
AND SERGEANT
HOVINGHOFF'S
RENEWED MOTION AND
MEMORANDUM FOR
SUMMARY JUDGMENT

1

walking down the highway while refusing to identify himself. He was arrested for his choice. Wilson subsequently discussed the incident with Sergeant Hovinghoff who arrived at the scene at Wilson's request. Trooper Schoenborn then transported Wilson to Klickitat County Jail for booking based on his failure to identify.

Because there was sufficent justifcation to detain and probable cause to arrest Wilson, this Court should dismiss the claims against Defendants. Even if the Court determines probable cause did not exist, Defendants are entitled to qualified immunity because a reasonable belief that probable cause existed and no clearly established right was violated. Accordingly, Defendants renew their request that the Court grant summary judgment on all claims pursuant to Fed. R. Civ. P. 56.

## II.    FACTS

On March 5, 2025, Plaintiff, Cameron Wilson, was traveling in Washington State when he stopped his vehicle on the shoulder to rest and assess his route. ECF No. 18 at 3, ¶ 8. His vehicle was stationary with its engine off. ECF No. 32-1 at 2, ¶ 2. Trooper Schoenborn was on patrol on March 5, 2025, and he observed a silver sedan parked on the shoulder of SR 97 near milepost 3. ECF No. 25 at 1- 2, ¶ 3. Trooper Schoenborn stopped to see if the driver was in distress or in need of assistance. *Id*. at 2, ¶ 4.

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

2

As Trooper Schoenborn pulled his patrol vehicle behind the sedan, he observed tinted license plate covers that made it impossible to see the expiration date on the license plate. *Id*. at 2, ¶ 5. The use of license plate covers that obstruct a license plate and the use of license plate frames that obscure license tabs is unlawful. Wash. Rev. Code § 46.16A.200.7c(i)-(ii). It constitutes an infraction. Wash. Rev. Code § 46.64.050.

Before Trooper Schoenborn could completely come to a stop, the single occupant of the sedan, Wilson, exited the vehicle, locked the door, placed the keys in his pocket, and approached Trooper Schoenborn while yelling something unintelligible. ECF No. 25 at 2, ¶ 6; Hovinghoff Supplemental Declaration, ¶ 3, Ex. A. Trooper Schoenborn asked Wilson if he was okay, and Wilson stated he was fine. ECF No. 25 at 2, ¶ 7; *id*. at Ex. A; ECF No. 18 at 3, ¶ 10. Trooper Schoenborn was alarmed that Wilson was approaching him with his hands going in and out of his pockets, so he demanded that Wilson get back in his vehicle. ECF No. 25 at 2, ¶¶ 7-8; *id*. at Ex. A. Wilson refused. *Id*. at 2, ¶ 8; *id*. at Ex. A; ECF No. 18 at 3, ¶ 11. Trooper Schoenborn then informed Wilson that license plate covers are illegal in Washington State and requested Wilson's license, registration, and proof of insurance to investigate or issue the infraction. ECF No. 25 at 3, ¶ 9; *id*. at Ex. A; ECF No. 18 at 3, ¶ 13. Wilson again refused. *Id*.

Trooper Schoenborn further informed Wilson that he would be arrested if he did not provide the information. ECF No. 25 at 3, ¶ 10; *id*. at Ex. A. Wilson still

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

3

chose to refuse. *Id*. He was arrested, placed in the rear of Trooper Schoenborn's patrol vehicle, and read his Constitutional rights. *Id*. at ¶¶ 11-13; *id*. at Ex. A.

Trooper Schoenborn later learned that the registered owner of the silver sedan was Cameron J. Wilson and its registration was expired greater than 2 months. *Id*. at 4, ¶ 16. Trooper Schoenborn further learned Cameron J. Wilson had two outstanding warrants. *Id*. at 4, ¶ 17. Trooper Schoenborn asked Wilson whether he was the registered owner, *Cameron J. Wilson*, and Wilson chose not to answer. *Id*. at 4, ¶ 18; *id*. at Ex. C. Trooper Schoenborn viewed a photo of the registered owner, who appeared to resemble the person in custody. *Id*. at 4, ¶ 19.

Sergeant Hovinghoff arrived at the scene and spoke to Wilson about his arrest. ECF No. 26 at 2, ¶ 5; *id*. at Ex. A. Wilson provided his name, *Cameron Wilson*, to Sergeant Hovinghoff. *Id*. Wilson further informed that he possessed his only set of keys to his vehicle. Hovinghoff Sup. Decl., ¶ 3, Ex. A. Wilson eventually provided Sergeant Hovinghoff consent to obtain items from his vehicle. *Id* at ¶ 4; *id*. at Ex. A. Trooper Schoenborn then transported Wilson to Klickitat County Jail for booking on the misdemeanor charge of failing to identify. ECF No. 25 at 5, ¶ 21. Trooper Schoenborn also cited Wilson for the license plate cover infraction he was attempting to investigate when Wilson chose not to identify himself. *Id*. at 5, ¶ 24; *id*. at Ex. E.

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

4

## III.    LAW AND ANALYSIS

**A.    Summary Judgment Standard**

"Under Fed. R. Civ. P. 56(c), summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine material issue of fact and that the moving party is entitled to summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A moving party may show that summary judgment is proper by pointing out the absence of evidence supporting the nonmoving party's case. *Id*. at 325. If the moving party meets its initial burden, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense" and create a genuine material issue of fact. *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

No genuine material issue of fact exists if the record, viewed in the light most favorable to the adverse party, could not lead a rational trier of fact to find for that adverse party. *Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir. 2008). However, when an adverse party's recollection of the facts is blatantly contradicted by the record, like through video, "so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Simply, summary judgment is proper "against a party who fails to make a showing sufficient

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

5

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 884 (1990).

**B.    Plaintiff Cannot make out a Claim for a Violation of Clearly Established Rights Protected under the Constitution**

The initial § 1983 inquiry "must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, (1981), (*overruled by Daniels v. Williams*, 474 U.S. 327, 330-331 (1986) (on the application of a negligence standard to Fourteenth Amendment claims)). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

If Plaintiff meets this burden qualified immunity may still act to shield government officials from liability for civil damages from these claims "unless their conduct 'violated a clearly established constitutional right.'" *David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022) (quoting *Williamson v. City of*

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

6

*Nat'l City*, 23 F.4th 1146, 1151 (9th Cir. 2022)). "A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Perez v. City of Fresno*, 98 F.4th 919, 924 (9th Cir. 2024) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). "To find that a right is clearly established, courts generally 'need to identify a case where an officer acting under similar circumstances ... was held to have violated' the Constitution." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (quoting *City of Escondido, Cal. v. Emmons*, 586 U.S. 38, 43 (2019)). "This exacting standard gives government officials breathing room to make reasonable but mistaken judgments by protect[ing] all but the plainly incompetent or those who knowingly violate the law." *David*, 38 F.4th at 800 (alteration in original) (quoting *Hardwick v. County of Orange*, 844 F.3d 1112, 1117 (9th Cir. 2017)).

Wilson claims violations of First, Fourth, and Fourteenth Amendment rights along with a violation of the American's with Disabilities Act (ADA). Wilson's claims fail because no violation occurred. Even if a violation could be proven, qualified immunity protects Defendants because Wilson cannot demonstrate that they violated any *clearly established* law.

**1.    Wilson's arrest was supported by probable cause**

Probable cause to arrest is an absolute defense to a § 1983 claim for wrongful arrest or false imprisonment against police officers because the lack of probable cause is a necessary element of each. *Lacy v. County of Maricopa*, 631

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
509-456-3123

F. Supp. 1183, 1193 (D. Arizona 2008). To prevail on his wrongful arrest or false imprisonment claims, Wilson must demonstrate that Defendants lacked probable cause to arrest him. *Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir. 2023). Probable cause exists when "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir.1986); *see also Maryland v. Pringle*, 540 U.S. 366, 371 (2003). "This 'is not a high bar.'" *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)).

In this case, Trooper Schoenborn observed a vehicle parked on the shoulder of SR 97. ECF No. 25 at 1-2, ¶ 3. He sought to determine if the driver was in distress. *Id*. at 2, ¶ 4. While initiating the check, Trooper Schoenborn observed tinted license plate covers that obstructed the license plate's expiration date. *Id*. at ¶ 5. It is unlawful to conceal license plates, make a license plate illegible, and obscure license tabs on license plates. Wash. Rev. Code § 46.16A.200(7C). Acts made unlawful by Title 46 of the Revised Code of Washington are infractions unless otherwise declared a more severe offense. Wash. Rev. Code § 46.64.050.

Before Trooper Schoenborn could come to a complete stop behind the vehicle, the driver and person in charge of the vehicle, Wilson, exited the vehicle and began approaching the trooper while yelling. ECF No. 25 at 2, ¶ 6. Given

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

8

Wilson's abnormal behavior, the trooper commanded that Wilson return to the vehicle and wait. *Id*. at 8. Trooper Schoenborn gave the command to help control the scene and increase safety. *Id*. Such commands are not arbitrary interfaces with liberty given that such a minor intrusion is outweighed by the public's interest in the safety of its officers. *E.g. United States v. Williams*, 419 F.3d 1029, 1033 (9th Cir. 2005); *United States v. Moorefield*, 111 F.3d 10, 13 (3d Cir. 1997). Further, officers are permitted to detain a "person for a reasonable period of time necessary to identify the person, check for outstanding warrants, check the status of the person's license, insurance identification card, and the vehicle's registration, and complete and issue a notice of traffic infraction." Wash. Rev. Code § 46.61.021(2). Wilson chose not to comply, so Trooper Schoenborn requested additional units. ECF No. 25 at 2, ¶ 8.

Next, Trooper Schoenborn requested that Wilson provide his license, registration, and proof of insurance so that the Trooper could complete the infraction. *Id*. at 3, ¶ 9. Wilson chose to refuse and stated that he would not provide the information. *Id* at 3, ¶ 10. He began to walk down the highway and away from Trooper Schoenborn. *Id*. Wilson was advised that he would be arrested if he did not provide his information. *Id*. Again, Wilson chose to refuse. *Id*.

A person that fails to comply with Wash. Rev. Code § 46.61.021(3)'s requirement to indentify themselves pursuant to an investigation of a traffic

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

9

infraction is guilty of a misdemeanor. Wash. Rev. Code § 46.61.022. Officers are permitted to arrest a person without a warrant for committing a misdemeanor when the offense is committed in the presence of an officer. Wash. Rev. Code § 10.31.100. Here, Trooper Schoenborn witnessed the misdemeanor, which occurred during his investigation of the license plate cover violation and provided the probable cause for the arrest. Further, the infraction and crime was recorded. ECF No. 25 at 3, ¶ 13; *id*. at Ex. A. Wilson was searched by Trooper Schoenborn subsequent to the arrest. *Id.* at 3-4, ¶¶ 13-15; *id*. at Ex. B.

After the search, Trooper Schoenborn requested information on the vehicle's registered owner whose name matched Wilson's. ECF No. 25 at 4, ¶ 16. A search of the registered owner's name (Wilson) found that the registered owner had two outsanding warrants. *Id*. at 4, ¶ 17. Trooper Schoenborn asked Wilson if his choice to not identify himself was driven by the outstanding warrants. *Id*. at 4, ¶ 18; *id.* at Ex. C. Trooper Schoenborn was then provided a photo by Washington State Patrol Communications that matched Wilson. *Id*. at 4, ¶ 19. Sargeant Hovinghoff spoke to Wilson, and Wilson finally chose to disclose his name. ECF No. 26 at 2, ¶ 5; *id.* at Ex. A. While the outstanding warrants went unconfirmed, Trooper Schoenborn proceeded to transfer Wilson to Klickitat County Jail for booking based on the misdemeanor charge of failing to identify, which was well within his authority under Wash. Rev. Code § 10.31.100. *Id*. at

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

21. Thus, a Fourth Amendment claim cannot stand because Wilson's detention was appropriate and probable cause supported Wilson's arrest.

### a.    Alternative legal justification provides an additional basis for probable cause to arrest

"[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)). Wash. Rev. Code § 46.61.020 states a misdemeanor occurs when a person *in charge of* a vehicle refuses to provide their name and address, the vehicle's registration, or their license. That is, even if the infraction investigation was improper, the arrest was valid given there is no dispute Wilson was in charge of the vehicle. *See e.g.* ECF No 32 at 7-8 (with references to "Plaintiff's vehicle"; *See also* ECF No. 18 at 3, ¶ 8 stating "Plaintiff . . . stopped his vehicle on the shoulder . . ."). There is also no dispute Wilson failed to identify himself, provide the vehicle's registration, or his license. ECF No. 32-1 at 2, ¶ 7. Thus, an additional basis for probable cause exists and no constitutional violation occurred even if Trooper Schoenborn was not investigating the license plate cover violation.

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

11

> **b.** **Even if probable cause to arrest did not exist, Defendants are entitled to qualified immunty for mistakenly believing it existed**

Even if probable cause to detain or arrest did not exist, qualified immunity extends to officers that "reasonably but mistakenly concluded that probable cause was present." *D.C. v. Wesby*, 583 U.S. 48, 65 (2018) (alterations omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). Given the imprecise nature of the general standard for probable cause, a body of relevant case law is usually necessary to clearly establish whether the officer's conduct was prohibited in the particular circumstances before them. *Id.* at 64.

Here, Trooper Schoenborn reasonably concluded that probable cause for the arrest existed because he was investigating a traffic infraction relating to the use of a license plate cover when Wilson refused to identify himself contravening Wash. Rev. Code § 46.61.021(3), which is a misdemeanor. Wash. Rev. Code § 46.64.022. Thus, Defendants are entitled to qualified immunity based on their reasonable belief that probable cause existed.

> **c.** **Even if probable cause to arrest did not exist, Defendants are entitled to qualified immunity because no clearly established right to refuse to identify yourself during a traffic infaction investigation exists**

Wilson is unable to show that Trooper Schoenborn violated a clearly established right by arresting Wilson after Wilson refused to identify himself while Trooper Schoenborn was investigating the observed license plate cover

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

12

violation. Wilson is also unable to show that the alternative legal justification surrounding an arrest for Wilson's failure to identify himself, provide his license, provide his registration, or provide proof of insurance for the vehicle in his charge violates a clearly established right. Neither the Ninth Circuit nor the Supreme Court has said "that arresting a person for failing to provide an identification violates the Constitution. In fact, [they] have both said the opposite." *Vanegas*, 46 F.4th1166. Thus, dismissal is proper.

> **2.** **Wilson's First Amendment claim fails because the arrest was supported by probable cause and no evidence of retaliatory animus exists**

To prevail on a First Amendment retaliation claim, "a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (internal quotations omitted). The complained of injury must not have occurred "absent the retaliatory motive." *Id*. A "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Id*. at 402. A narrow exception to this rule exists when a plaintiff produces "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Gonzalez v. Trevino*, 602 U.S. 653, 655 (2024) (quoting *Nieves*, 587 U.S. at 407). If a plaintiff proves the absence of probable cause, "the defendant can prevail

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

13

only by showing that the [arrest] would have been initiated without respect to retaliation." *Id* at 404.

As described above, Wilson's arrest was supported by probable cause. Moreover, Wilson's crime and arrest is recorded and provided herein. ECF No. 25 at 3, ¶ 13, Ex. A. The seizure of Wilson's phone is similarly recorded. *Id*. at ¶ 15, Ex. B. As shown in these recordings, no rational trier of fact could conclude that Defendants' actions were caused by a retaliatory animus. Wilson's phone was seized after the arrest, and he was not arrested as a pretext for using his phone. He was arrested after walking down the highway and refusing to identify himself. No facts suggest otherwise and dismissal is proper.

**3.    The Fourth Amendment provides the appropriate framework for a claim that an arrest violated a person's due process rights**

Although Wilson's Complaint alleges a Fourteenth Amendment due process violation, the Fourth Amendment analysis provided above is the appropriate framework for this claim. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [such] claims.'" *Albright*, 510 U.S. at 273 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Because Wilson alleges detention without legal justification and the Fourth Amendment expressly protects against unreasonable seizures, these claims of

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

14

liberty deprivation are covered and analyzed under the Fourth Amendment. *Albright*, 510 U.S. at 274-75. Moreover, as the recordings provided herein demonstrate, no rational trier of fact could conclude that Defendants took actions that shock the conscience. Thus, dismissal is appropriate.

**4.    Wilson has not shown that he is a member of a protected class or that Defendants took action against him because of his status in a protected class**

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (pleading standard overruled). "For the purposes of equal protection analysis, the disabled do not constitute a suspect class." *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996). Wilson has failed to allege he is a member of a protected class and that the complained of acts occurred because of a belonging to that class. This warrants dismissal of Wilson's equal protection claim.

**5.    The Americans with Disabilities Act (ADA) does not authorize actions against the individual Defendants**

Title II applies to arrests. *Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd in part, cert. dismissed in part sub nom. City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600 (2015). It

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

15

prohibits exclusion and discrimination by *public entities*. 42 U.S.C.A. § 12132 (emphasis added). Public entities are state and local governments and their departments. 42 U.S.C.A. § 12131(1). Title II does not apply to individuals because they are not public entities. "Only public entities are subject to Title II." *Sheehan*, 575 U.S. at 610. Further, Title II of the ADA does authorize § 1983 claims against state officials in their individual capacities. *Hayes v. Voong*, 709 F. App'x 494, 495 (9th Cir. 2018); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act").

Here, Wilson identifies suit against Defendants in their individual capacities. ECF No. 18 at 2-3, ¶¶ 6-7. Even if Wilson sought relief against Defendants in their official capacity, he makes no allegations that a Washington State Patrol policy or custom violates federal law. Moreover, there are no allegations that Defendants used their official capacity to implement a policy or practice that violates federal law. Finally, as the recordings provided herein demonstrate, no rational trier of fact could conclude that Defendants' treatment of Wilson was caused by a disability or was unreasonable. Thus, dismissal is proper whether Wilson's Title II claim is brought under the ADA or § 1983.

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

16

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

## IV.    CONCLUSION

Defendants David Schoenborn and Sergeant Hovinghoff respectfully request the Court grant summary judgment and dismiss the case with prejudice.

DATED this ___29___ day of June, 2026.

NICHOLAS W. BROWN
Attorney General


 s/*Brandon Slaven*
BRANDON SLAVEN, WSBA No. 57123
Assistant Attorney General
Attorneys for the Defendants
1116 W. Riverside Ave., Suite 100
Spokane, WA 99201-1106
509-456-3123
Brandon.Slaven@atg.wa.gov

DAVID SCHOENBORN
AND SERGEANT
HOVINGHOFF'S
RENEWED MOTION AND
MEMORANDUM FOR
SUMMARY JUDGMENT

17

## PROOF OF SERVICE

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and via Electronic Service per Agreement:

> CAMERON JAMES WILSON
> 1312 SOUTH 44TH
> YAKIMA, WA 98908

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this __29__ day of June, 2026, at Spokane, Washington.

NICHOLAS W. BROWN
Attorney General

s/*Brandon Slaven*
BRANDON SLAVEN, WSBA No. 57123
Assistant Attorney General
Attorneys for the Defendants
1116 W. Riverside Ave., Suite 100
Spokane, WA 99201-1106
509-456-3123
Brandon.Slaven@atg.wa.gov

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

18

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123