Brandon Slaven
Assistant Attorney General
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
509-456-3123

HONORABLE MARY K. DIMKE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| CAMERON JAMES WILSON, | NO. 1:25-cv-03038-MKD |
|---|---|
| Plaintiff, | DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE |
| v. | |
| DAVID SCHOENBORN AND SERGEANT HOVINGHOFF, | |
| Defendants. | |

Defendants are treating Wilson's Declaration in Opposition to Defendants' Motion for Summary Judgment, ECF No. 49-1, as a statement of disputed facts despite its failure to address Defendants' asserted facts as required by L. Civ. R. 56(c)(1). The numbered paragraphs below correspond to the same numbered paragraphs in Plaintiff's Statement of Undisputed Material Facts in Support of Cross-Motion for Partial Summary Judgment.

Defendants object to entry of their complete audio-video recorded depositions because they are not presented in an admissible form. A certificate from the deposition officer that the recording reflects a true and accurate depiction of

DAVID SCHOENBORN AND
SERGEANT HOVINGHOFF'S
REPLY STATEMENT OF
MATERIAL FACTS NOT IN
DISPUTE

1

Defendants' testimony does not accompany the recordings. Fed. R. Civ. P. 30(f)(1). Notably, Wilson, as a party with a financial interest, is disqualified from presiding over the deposition. Fed. R. Civ. P. 28(c). Yet, one certificate indicates he is the responsible party for the video recording. Declaration of Brandon Slaven, Ex. B. Moreover, no admissible transcript accompanies the recording. Fed. R. Civ. P. 32(c). Finally, the recordings ignore L. Civ. R. 26(h) and the Scheduling Order in this matter by failing to file only "those portions necessary to support motions or objections." ECF No. 19 at 5. For the same reasons, the Court should decline to consider Defendants discovery responses that were submitted without limiting the responses to the necessary portions. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (the Court need not "scour the record in search of a genuine issue of [t]riable fact"); *see also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that it would be "unfair" to require the district court "to search the entire record" if a party fails to "disclose where in the record the evidence for [the factual claims] can be found").

1.    There is no dispute Trooper Schoenborn initially stopped to see if the driver of a silver sedan parked on the side of SR 97 was in distress. ECF No. 24 at 1-2, ¶¶ 2-3; ECF No. 25-4 at 2.

2.    There is no dispute Trooper Schoenborn saw Wilson exit the driver's seat, approach Trooper Schoenborn, and state that he was "okay."

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

2

ECF No. 24 at 2, ¶ 7; ECF No. 25-4 at 2. Schoenborn Deposition at 1:02:40-1:03:55.

3. There is no dispute Trooper Schoenborn responded "nothing" when Wilson asked "what crime do you expect me of committing" prior to announcing the civil infraction Trooper Schoenborn began to investigate. *Id*; Schoenborn Deposition at 1:11:50-1:13:55.

4. There is no dispute Trooper Schoenborn did not observe Plaintiff driving the vehicle; however, driving is not a prerequisite to all traffic infractions. *United States v. Choudhry*, 461 F.3d 1097, 1102 (9th Cir. 2006); Rev. Code Wash. 46.63.020.

5. There is no dispute Trooper Schoenborn did not observe Plaintiff driving the vehicle; however, driving is not a prerequisite to all traffic infractions. *United States v. Choudhry*, 461 F.3d 1097, 1102 (9th Cir. 2006); Rev. Code Wash. 46.63.020.

6. There is no dispute Trooper Schoenborn demanded Wilson's identification, but he did so because driving is not a prerequisite to all traffic infractions. *United States v. Choudhry*, 461 F.3d 1097, 1102 (9th Cir. 2006); Rev. Code Wash. 46.63.020. Further, Trooper Schoenborn's testimony is that he believed he could cite for a traffic infraction because Wilson was in control of the vehicle and he witnessed a violation. Schoenborn Deposition at 0:31:20-0:33:20.

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

3

7. There is no dispute Wilson was arrested for failing to identify himself.

8. This is a misstatement of deposition testimony. Wilson asked: "Do you use Google AI to figure out what crime to charge people with" and Trooper Schoenborn answered "No." Schoenborn Deposition at 2:50:00-2:51:00. Wilson then asks, "if you had to google the statute after the fact you didn't know the law at the time of the arrest, did you?" and Tropper Schoenborn answers, "No, I googled to verify." *Id*. at 2:51:13-2:51:30.

9. There is no dispute Trooper Schoenborn stated that Plaintiff was combative and that he testified that the phrase was a "slip of the tongue." *Id*. at 1:09:37-1:10:25.

10. There is no dispute Wilson informed that he had "one leg" prior to his arrest. ECF No. 25-1 at 2:20-03:20. Further, there is no dispute that medical personnel were not requested to evaluate Wilson.

DATED this __13___ day of July, 2026.

NICHOLAS W. BROWN
Attorney General

 s/*Brandon Slaven*
BRANDON SLAVEN, WSBA No. 57123
Assistant Attorney General
Attorneys for the Defendants
1116 W. Riverside Ave., Suite 100
Spokane, WA 99201-1106
509-456-3123
Brandon.Slaven@atg.wa.gov

DAVID SCHOENBORN AND
SERGEANT HOVINGHOFF'S
REPLY STATEMENT OF
MATERIAL FACTS NOT IN
DISPUTE

4

**PROOF OF SERVICE**

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and via Electronic Service per Agreement:

> CAMERON JAMES WILSON
> 1312 SOUTH 44TH
> YAKIMA, WA 98908
> cam@piitp.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this __13__ day of July, 2026, at Spokane, Washington.

> NICHOLAS W. BROWN
> Attorney General
>
>
>  s/*Brandon Slaven*
> BRANDON SLAVEN, WSBA No. 57123
> Assistant Attorney General
> Attorneys for the Defendants
> 1116 W. Riverside Ave., Suite 100
> Spokane, WA 99201-1106
> 509-456-3123
> Brandon.Slaven@atg.wa.gov

DAVID SCHOENBORN AND
SERGEANT HOVINGHOFF'S
REPLY STATEMENT OF
MATERIAL FACTS NOT IN
DISPUTE

5