Brandon Slaven
Assistant Attorney General
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
509-456-3123

HONORABLE MARY K. DIMKE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| CAMERON JAMES WILSON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SCHOENBORN AND SERGEANT HOVINGHOFF,<br><br>Defendants. | NO. 1:25-cv-03038-MKD<br><br>DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT<br><br>AUGUST 18, 2026 WITHOUT ORAL ARGUMENT |

## I.    INTRODUCTION

Wilson cross motioned for partial summary judgment on various pled and unpled claims in response to Defendants' Renewed Motion for Summary Judgment. However, Wilson failed to present admissible evidence that demonstrates Defendants are liable for his claims or that he is entitled to entry of a partial judgment.

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
509-456-3123

## II.    PROCEDURAL BACKGROUND

Wilson filed his Second Amended Complaint, which names Trooper Schoenborn and Seargent Hovinghoff as individual Defendants and removed the Washington State Patrol as a party to this suit. ECF No. 18. Wilson alleged violations of the Fourth, Fourteenth, and First Amendments along with the Americans with Disabilities Act. *Id*. Defendants moved for summary judgment on all claims prior to the close of discovery. ECF No. 23. Wilson responded and requested that the Court defer ruling on Defendants motion because he had been unable to depose Defendants. ECF No. 32. Defendants' initial summary judgment motion was denied without prejudice and with leave to renew following the close of discovery. ECF No. 36. Defendants renewed their request for summary judgment. ECF No. 46. Wilson responded and cross-motioned that the Court find Defendants liable. ECF No. 49.

## III.    LAW AND ANALYSIS

### A.    Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When parties submit cross-motions for summary judgment, each motion must be considered on its own merits. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The Court considers the evidence properly submitted in support of both motions to determine

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

whether a disputed issue of material fact precluding summary judgment exists. *Id* at 1135. As these materials show, Wilson failed to carry his burden and establish that he is entitled to summary judgment or that it should not be entered against him.

Fed. R. Civ. P. 56(c)(1) provides that when moving for summary judgment, a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . ." Local Rule 7.1(h) similarly states that "[f]actual assertions contained in memoranda must be supported by evidence, such as a declaration, affidavit, or discovery response." Moreover, LR 56.1(c)(1) requires that a party filing a motion for summary judgment must file a separate statement of facts, citing to and attaching portions of the record relied upon. Only those portions of discovery necessary to the disposition of motions shall be appended to the relevant filing. LR 26(h). When a party relies on deposition testimony to support its position, it "shall provide the Court <u>with the pertinent excerpts</u> of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position." ECF No. 19 at 11-12 (Scheduling Order, emphasis in original).

This is important because a trial court can only consider admissible evidence in ruling on a motion for summary judgment. See Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988). While there is no unequivocal requirement that evidence submitted at summary judgment must be authenticated, the substance of the evidence must be admissible. *Doe by & through*

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

*Tanis v. Cnty. of San Diego*, 576 F. Supp. 3d 721, 730 (S.D. Cal. 2021).

Here, there is no certification that the video depositions submitted with ECF No. 50 represent true or accurate depictions of Defendants' testimony such that the substance may be considered admissible. Similarly, Wilson's certificate accompanying the proffered deposition excerpts merely attest that his reproductions are accurate—without certifying that the purported testimony is true and accurate. ECF 49-2 at 17. Thus, Wilson has failed to demonstrate that the substance contained in the video recordings or excerpts is testimony that may be offered at trial. The Court should decline to consider these submissions in support of Wilson's summary judgment motion or in opposition to Defendants' cross-motion.

**B.    Plaintiff Cannot make out a Claim for a Violation of Clearly Established Rights Protected under the Constitution**

   **1.    Trooper Schoenborn's investigation of a license plate cover violation was supported by reasonable suspicion and Wilson's arrest was supported by probable cause**

Defendants incorporate by reference their argument and supporting facts showing that they are entitled to summary judgment as stated in: ECF No. 24 (Statement of Material Facts in Support of Motion for Summary Judgment), ECF No. 46 (Renewed Motion and Memorandum for Summary Judgment), ECF No. 52 (Reply in Support of Renewed Summary Judgment), and ECF No. 54 (Renewed Reply Statement of Material Facts Not in Dispute). No constitutional

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

violation occurred because Trooper Schoenborn had reasonable suspicion to conduct a stop and probable cause to arrest.

### 2.    Defendants are entitled to qualified immunity

While Wilson may contest Trooper Schoenborn's authority to conduct a stop and arrest him, there is no factual dispute that a traffic stop occurred, Trooper Schoenborn was investigating whether Wilson committed a traffic infraction, and Wilson was arrested for failing to identify himself during that investigation. If this violated Wilson's Fourth Amendment rights, Defendants are entitled to qualified immunity because Wilson has no clearly established right to avoid a traffic infraction investigation by parking, or getting out of, his vehicle. Moreover, Wilson has no clearly established right to refuse to produce his license, registration, insurance, or otherwise identify himself during an investigation into whether he committed a traffic infraction.

"A right is not clearly established if existing precedent does not place the constitutional question 'beyond debate.'" *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) quoting *Rivas-Villegas v. Cortesluna* 142 S. Ct. 4, 8, (2021). "'[A] body of relevant case law' is usually necessary to 'clearly establish [settled law]' with respect to probable cause." *D.C. v. Wesby*, 138 S. Ct. 577, 581 (2018) (quoting *Brosseau v. Haugen*, 125 S. Ct. 596, 599 (2004)).

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

5

### a.    Defendants are entitled to qualified immunity because the traffic stop was supported by reasonable suspicion

Trooper Schoenborn's stop violated no clearly established law because a constitutional violation does not occur when reasonable suspicion gives rise to a traffic stop. *United States v. Mariscal*, 285 F.3d 1127, 1130 (9th Cir. 2002). Whether a stop is for a standing or moving violation—there is no distinction. *United States v. Choudhry*, 461 F.3d 1097, 1102 (9th Cir. 2006). Here, Trooper Schoenborn viewed a traffic infraction (license plate covers) on Wilson's car that created reasonable suspicion to conduct a traffic stop. ECF No. 25-4 at 2. Wilson exited the driver's seat upon Trooper Schoenborn initiating the stop. *Id*. Thus, Trooper Schoenborn had reasonable suspicion that Wilson was operating or in control of his car and committing the traffic violation that he observed occurring on the side of the highway.

Even if reasonable suspicion did not exist, there is no body of related case law that establishes Trooper Schoenborn should have had notice that an investigation into a traffic violation occuring on the side of a highway was unlawful because the car was parked or the person exited the driver's seat. Thus, qualified immunity protects Trooper Schoenborn from Wilson's unlawful seizure claim arising out of the traffic stop.

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

6

**b.    Defendants are entitled to qualified immunity because the arrest was supported by probable cause**

A person that fails to comply with Wash. Rev. Code § 46.61.021(3)'s requirement to indentify themselves pursuant to an investigation of a traffic infraction is guilty of a misdemeanor. Wash. Rev. Code § 46.61.022. Officers are permitted to arrest a person without a warrant for committing a misdemeanor when the offense is committed in the presence of an officer. Wash. Rev. Code § 10.31.100. Thus, Trooper Schoenborn possesed probable cause to arrest Wilson for failing to identify himself. Probable cause is a complete defense to Wilson's Fourth and First Amendment claims. *Lacy v. County of Maricopa*, 631 F. Supp. 1183, 1193 (D. Arizona 2008); *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019). Even if probable cause did not exist, there is no body of related case law that would have provided notice to Trooper Schoenborn that his belief that probable cause existed was mistaken or that his acts were unlawful. Thus, qualified immunity protects Defendants from Wilson's Fourth and First Amendment Claims.

**c.    Defendants are entitled to qualified immunity because there are no facts that suggest they used excessive force**

Wilson failed to show Defendants are liable for his unpled excessive force claim or that excessive force was used. "Excessive force claims require (1) a seizure and (2) excessive force." *Cuevas v. City of Tulare*, 107 F.4th 894, 898

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

7

(9th Cir. 2024). There is no dispute Wilson was arrested, but his claim that Trooper Schoenborn used excessive force is contradicted by the video depicting his arrest. ECF No. 25-1. Moreover, Defendants are entitled to qualified immunity because there is no clearly established right to be free from de minimis force while walking away from an officer that is conducting an arrest. *See* ECF No. 34-1 at 8-9 (opining that the "least amount of physical force necessary" was used).

**3.    No facts suggest an Americans with Disabilities Act (ADA) violation occurred**

Even assuming Title II applies to Defendants who are individuals named in their individual capacity and not public entities, there are no facts that suggest an ADA violation occurred. The ADA does not stand for the position that it is improper to handcuff an amputee or that every amputee must receive a medical evaluation during their arrest. That is, there are no facts that suggest Wilson requested an accommodation or was otherwise treated poorly because he is an amputee. As the video capturing his arrest shows, there is no question of fact that Defendants acts were reasonable. ECF No. 25-1. Thus, Wilson's request for summary judgment on this claim should be denied and it should be dismissed.

**4.    Supervisor Liability**

A supervisor may be liable "under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

8

causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). "[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), *as amended* (Oct. 31, 2000). There is no dispute that "Hovinghoff arrived on scene after [Wilson] was detained in the rear of the patrol vehicle." ECF No. 32 at 21. No facts that suggest Sergeant Hovinghoff was aware of the arrest while it was occurring or otherwise directed or participated in the arrest. While the record supports Sergeant Hovinghoff attempted to explain the reason for the arrest to Wilson, no facts suggest that Sergeant Hovinghoff believed the arrest lacked probable cause or was aware that the arrest was improper. ECF No. 26 at 5; ECF No. 26-1 (body worn camera footage). Additionally, qualified immunity extends to Sergent Hovinghoff for the same reasons stated above.

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

9

## IV.    CONCLUSION

Defendants respectfully request the Court enter judgment in their favor and dismiss the case with prejudice.

DATED this __20__ day of July, 2026.

NICHOLAS W. BROWN
Attorney General


 s/*Brandon Slaven*
BRANDON SLAVEN, WSBA No. 57123
Assistant Attorney General
Attorneys for the Defendants
1116 W. Riverside Ave., Suite 100
Spokane, WA 99201-1106
509-456-3123
Brandon.Slaven@atg.wa.gov

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

10

## PROOF OF SERVICE

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and via Electronic Service per Agreement:

> CAMERON JAMES WILSON
> 1312 SOUTH 44TH
> YAKIMA, WA 98908
> cam@piitp.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this __20__ day of July, 2026, at Spokane, Washington.

NICHOLAS W. BROWN
Attorney General


 s/*Brandon Slaven*
BRANDON SLAVEN, WSBA No. 57123
Assistant Attorney General
Attorneys for the Defendants
1116 W. Riverside Ave., Suite 100
Spokane, WA 99201-1106
509-456-3123
Brandon.Slaven@atg.wa.gov

DAVID SCHOENBORN AND SERGEANT HOVINGHOFF'S RENEWED MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

11