FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAMERSON JAMES WILSON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SCHOENBORN and NATHAN HOVINGHOFF,<br><br>Defendants. | No. 1:25-CV-03038-MKD<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL AND SECOND JURY TRIAL SCHEDULING ORDER<br><br>**ECF No. 67** |

Before the Court is Defendants' Motion to Continue Trial. ECF No. 67. Plaintiff does not object to the motion. *Id*. at 2. The Court has reviewed the motion and the record and is fully informed. The Court finds good cause exists to grant the motion.

Accordingly, **IT IS ORDERED:**

**1.** Defendants' Motion to Continue Trial, **ECF No. 67**, is **GRANTED**.

**2.** The jury trial set for **Monday, November 16, 2026,** is **STRICKEN** and **RESET** for **Monday, February 1, 2027, at 9:00 a.m.,** in Yakima Courtroom 324.

Counsel shall appear at 8:30 a.m. on the first day of trial to address any pending pretrial matters. Jury selection will begin promptly at 9:00 a.m.

**3.** The pretrial conference set for **Tuesday, October 27, 2026**, is **STRICKEN** and **RESET** for **Wednesday, January 20, 2027, at 1:30 p.m.**, in Yakima Courtroom 324. The parties and counsel may request to appear at the pretrial conference by video. All counsel trying the case must be present at the pretrial conference.

**4. General Court Procedures**

Pursuant to Fed. R. Civ. P. 16(b)(4), the dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause. Pursuant to Fed. R. Civ. P. 29, the parties may stipulate to other procedures governing or limiting discovery, except the dates set forth in this Order.

Counsel shall review and employ Local Civil Rule (LCivR) 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness to Opposing Party). Plaintiff is also advised that all parties, whether or not represented by an attorney, are responsible for following the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules. Please take special note of Local Civil Rule 5 regarding service and filing of pleadings, Local Civil Rule 7 regarding motion practice, and Local Civil Rule 56 regarding summary judgment.

**5. Mediation**

If the parties elect to proceed to mediation, it should be completed as early as possible to avoid the unnecessary expenditure of judicial resources. If the parties have not reached a resolution by the date indicated in the Summary of Deadlines below, the Court will refer this matter to a Federal Magistrate Judge for settlement purposes. The parties shall file a status report by that same date regarding the settlement process.

If the parties would like to pursue mediation before a Federal Judge (District, Magistrate, or Bankruptcy) at an earlier date, the parties shall contact the Courtroom Deputy for a referral.

**6. Rule 26(a)(1) Exchange**

If not already accomplished, the parties shall disclose their Fed. R. Civ. P. 26(a)(1) material no later than the date indicated in the Summary of Deadlines below.

**7. Motions to Amend Pleadings, Add Parties, for Class Certification**

Any motion to amend the pleadings, add parties, or for class certification shall be filed no later than the date indicated in the Summary of Deadlines below.

**8. Sealed Documents**

Any and all sealed documents shall be filed and served in accordance with the applicable Local Rules, General Orders, and ECF Administrative Procedures of the Eastern District of Washington. Any party filing a sealed document shall email

dimkeorders@waed.uscourts.gov to inform the Court of the filing. The email shall note the ECF number of the sealed document and the general nature of the document.

**9. Rule 26(a)(2) Expert Identification and Reports**

The parties are cautioned that failure to timely identify experts or provide reports in accordance with Rule 26 and this scheduling order may result in exclusion of such testimony absent good reason. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005). Additionally, Rule 26(a)(2) reports shall be emailed to the court at dimkeorders@waed.uscourts.gov.

**A. Plaintiff - Initial Expert Disclosures**

Each Plaintiff shall identify its experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than the date indicated in the Summary of Deadlines below. Each Plaintiff shall also provide dates for which those experts can be available for deposition. Counsel is required to file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

**B. Defendant - Initial Expert Disclosure**

Each Defendant shall identify its experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than the date indicated in the Summary of Deadlines below. Each Defendant shall also provide dates for which those

experts can be available for deposition. Counsel is required to file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

**C. Plaintiff - Rebuttal Expert Disclosure**

Each Plaintiff shall identify its rebuttal experts and serve those experts' Rule 26(a)(2) reports on all other parties no later than the date indicated in the Summary of Deadlines below. Each Plaintiff shall also provide dates for which those experts can be available for deposition. Counsel is required to file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

**10. Discovery Cutoff**

**A. Generally**

All discovery, including depositions and perpetuation depositions, shall be completed by the date indicated in the Summary of Deadlines below ("Discovery Cutoff"). To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely response by the cutoff date. All interrogatories, requests for production, and requests for admission shall be served on the opposing party no later than **70 days** prior to the Discovery Cutoff. The parties shall not file discovery, except those portions necessary to support motions or objections.

**B. Depositions, Interrogatories, Requests for Production and/or Admission**

Unless otherwise stipulated, no more than 10 depositions up to seven hours long, may be taken by the plaintiffs, or by the defendants, or by third-party defendants. Fed. R. Civ. P. 30(a)(2)(A), (d)(1).

Unless otherwise stipulated, any one party may serve no more than 25 written interrogatories, including discrete subparts, on any other party. Fed. R. Civ. P. 33(a)(1) advisory committee's note to 1993 amendment (explaining "discrete subparts").

Unless otherwise stipulated, any one party may serve no more than 30 requests for production, including discrete subparts, on any other party. LCivR 34(d).

Unless otherwise stipulated, any one party may serve no more than 15 requests for admission, including discrete subparts, on any other party. LCivR 36(c).

A party needing relief from these limitations should timely seek relief from the Court by motion.

### C. Protective Orders

Any stipulation or motion for a confidentiality agreement or protective order must be timely filed so as not to delay the discovery process or the Court's deadlines. If confidential records are attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good

cause" must be shown to seal records attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

**D. Motions to Compel**

To avoid wasted time and expense, the parties may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes. Motions to compel seeking sanctions shall be filed in writing.

All motions to compel discovery must be filed and served no later than **30 days** prior to the Discovery Cutoff.

**11. Notice of To-Be-Adjudicated Claims and Affirmative Defenses**

Each party shall file and serve a notice no later than seven days after the Discovery Cutoff indicating which previously-pleaded claims and/or affirmative defenses will be adjudicated at trial.

**12. *Daubert* and Dispositive Motions**

**A. Generally**

All *Daubert* and dispositive motions shall be filed on or before the dates indicated in the Summary of Deadlines below. Responses and replies to *Daubert* and dispositive motions shall comply with LCivR 7. No supplemental responses or supplemental replies to any *Daubert* or dispositive motion may be filed without Court permission.

**B. Summary Judgment Motions**

Parties are generally expected to set forth all their arguments in support of summary judgment in a single dispositive motion that conforms with the page limits set forth in the local rules. No party shall file multiple, successive, or piecemeal motions for summary judgment without first obtaining leave of the Court.

**C. Statement of Uncontroverted Facts**

The parties shall also file a Joint Statement of Uncontroverted Facts no later than **three days** after filing of the reply with a courtesy copy emailed to dimkeorders@waed.uscourts.gov.

**D. Notice of Hearing**

*Daubert* and dispositive motions shall be noted for hearing at least **50 days** after the date of filing.

**13. Certification to the State Supreme Court**

No later than the date for filing dispositive motions, the parties must identify any issue of liability or damages which should be certified to the State Supreme Court.

**14. Constitutional Challenge**

No later than the date for filing dispositive motions, the parties must comply with the procedures contained within Fed. R. Civ. P. 5.1 if the constitutionality of a federal or state statute is called into question.

**15. Motion Practice**

**A. Notice of Hearing**

Parties are to comply with LCivR 7(i) when noting motions for hearing. If oral argument is sought by a party, counsel shall first confer and determine an agreeable hearing date and time, and then contact the Courtroom Deputy at (509) 943-8172 to confirm the Court's availability for the agreed-upon hearing date and time. All non-dispositive motion hearings shall be conducted by video, unless in-person argument is approved by the Court. The parties may use cellular phones for telephonic hearings, but not in speaker mode and provided the caller is in an area with adequate cellular service and minimal background noise. Landline phones may not be used in speaker mode. All phones must be muted unless addressing the Court.

The parties may use cell phones, computers, tablets, or other suitable devices to participate in telephonic hearings. Regardless of the device used, the parties shall use adequate equipment including headphones to ensure the Court and the Court Reporter are able to comprehend their speech during the hearing.

Dispositive motion hearings in which oral argument has been requested will be set for in-person appearance, unless otherwise directed by the Court. If the parties seek to request the dispositive motion be heard by video, counsel shall contact the Courtroom Deputy.

**B. Motions to Expedite**

If there is a need to have a motion heard on an expedited basis, the party must file a motion to expedite and an accompanying memorandum (or declaration) establishing the need for an expedited hearing. The motion shall be noted for hearing, without oral argument, no earlier than seven days after the filing of the motion, or two days after the date of filing with prior permission from the Court. Pursuant to local rule, motions (including stipulated motions) may **not** be noted for hearing for the same day they are filed. *See* LCivR7(i)(2).

**C. Citing Previously Filed Documents**

All references to a previously filed document shall cite to the electronic case filing (ECF) record number and page number within that ECF record, in the following format, "ECF No. __ at __." Such documents shall not be attached as exhibits.

**D. Reliance on Deposition Testimony**

When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court with the

pertinent excerpts of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position. *See generally* LCivR 56(c). Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).

**E. Supplemental Responses or Replies**

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

**F. Motions to Reconsider**

Motions to reconsider are disfavored. Motions must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier. The motion shall be noted for expedited hearing without oral argument seven days after it is filed. No response to a motion for reconsideration need be filed unless requested by the Court. No motion for reconsideration will be granted without such a request by the Court.

**G. Decisions on Motions**

The parties may call to inquire about the status of a decision on a motion if the Court has not issued an order within **30 days after** the hearing on said motion.

**16. Witness/Exhibit Lists**

Witness/Exhibit lists shall be filed and served and exhibits made available for inspection or copies provided to the parties on or before the date indicated in the Summary of Deadlines below.

**A. Witness Lists**

Witness lists shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an expert, and any known trial date/time conflicts the witness may have.

**B. Exhibit Lists**

Exhibit lists shall include a brief description of the exhibit. All exhibits shall be pre-marked; Plaintiffs' exhibits shall be numbered 1 to 999; Defendants' exhibits shall be numbered 1000 to 1999. Exhibits shall be marked in the lower right corner of the exhibit when practicable.

**C. Objections**

Objections to witnesses/exhibits shall be filed and served on or before the date indicated in the Summary of Deadlines below, **and shall be heard at the pretrial conference.** All objections to witnesses shall set forth a legal basis and

explanation for the objection. Objections to an exhibit or portion thereof shall be accompanied by a full and complete copy of the exhibit in question and a short legal explanation for the objection. The party seeking the admission of the witness or exhibit has **five** days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply shall be filed.

**17. Deposition Designations**

**A. Generally**

Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted – in yellow by Plaintiff or in blue by Defendant – and each party shall serve a complete, highlighted transcript of the deposition or prior testimony on or before the date indicated in the Summary of Deadlines below.

**B. Cross-Designations**

Cross-designations shall be highlighted – in yellow by Plaintiff or in blue by Defendant – in the transcript containing the opposing party's initial designations and shall be served but not filed on or before the date indicated in the Summary of Deadlines below.

**C. Objections**

All objections to designated deposition or prior testimony and the legal bases for the objections, shall be filed and served on or before the date indicated in the

Summary of Deadlines below. Any designated deposition or prior testimony objected to shall be underlined in black in a complete yellow/blue highlighted copy of the deposition/prior testimony transcript described above. A paper copy of the underlined document shall be filed and served with the objections. The party seeking admission of the testimony has **five days**, excluding federal holidays and weekends, to file a response; no reply shall be filed. If the deposition was videotaped, and the videotape is to be used at trial, the party seeking to use the videotaped deposition shall indicate the relevant portion on both the written transcript and the videotape. Similarly, objections shall be made on the written transcript as explained above along with the applicable time stamp on the video tape noted. All objections to deposition and prior testimony designations shall be heard and resolved at the pretrial conference with the videotape available for display.

**18. Motions in Limine**

All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions in limine to be filed and served on or before the date indicated in the Summary of Deadlines below. Such motions will be addressed and resolved at the pretrial conference. However, motions in limine may not reargue issues already decided by the Court.

**19. Pretrial Order**

**A. Generally**

A Joint Proposed Pretrial Order prepared in accordance with LCivR 16(e) shall be filed on or before the date indicated in the Summary of Deadlines below, and a copy e-mailed, in Microsoft Word format, to dimkeorders@waed.uscourts.gov.

**B. Exhibit List**

The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial.

**20. Trial Briefs, *Voir Dire*, and Jury Instructions**

**A. Generally**

Trial briefs, requested *voir dire*, and jointly proposed jury instructions shall be filed and served on or before the date indicated in the Summary of Deadlines below.

**B. Trial Brief Length**

Trial briefs shall not exceed 20 pages without prior court approval. To obtain court approval, a party must file a motion to file an overlength brief, demonstrating good cause why supplemental briefing is necessary.

**C. Jury Instructions**

The parties' jointly proposed jury instructions shall include a table of contents, preliminary instructions, final substantive instructions, and a verdict form. The instructions shall be sequentially numbered and include a citation of authority for each. The instructions shall, at a minimum, include instructions regarding the elements of each claim or defense, the relief sought, and otherwise comply with LCivR 51(a). A party proposing a Jury Instruction that differs from a Ninth Circuit Model Civil Jury Instruction should submit a memorandum analyzing cases to support the modification.

**D. Individually Proposed Jury Instructions**

If the parties are unable to agree on certain instructions, they are to submit individually proposed jury instructions no later than the date the jointly proposed instructions are due. All individually submitted proposed jury instructions must adhere to the format described above and not repeat the jointly proposed instructions.

**E. Objections**

Any objections to the opposing party's individually submitted proposed instructions must be filed no later than five days, excluding federal holidays and weekends, after the individual proposed instructions were filed. All objections shall set forth the basis for the objection and briefly explain why the instruction in

question should not be used or should be altered.

**F. Courtesy Copies**

Counsel shall e-mail courtesy copies of their **jointly** and **individually** proposed jury instructions, in Microsoft Word format, to dimkeorders@waed.uscourts.gov.

**21. Summary of Deadlines**

| | |
|---|---|
| Witness and exhibit lists:<br>Lists filed and served:<br>Objections filed and served: | <br>**November 20, 2026**<br>**November 30, 2026** |
| Deposition designations:<br>Designated transcripts served:<br>Cross-designations served:<br>Objections filed and served: | <br>**November 13, 2026**<br>**November 30, 2026**<br>**December 13, 2026** |
| All motions *in limine* filed | **November 20, 2026** |
| Joint Proposed Pretrial Order filed and emailed to the Court | **December 11, 2026** |
| Trial briefs, jury instructions, verdict forms, requested *voir dire* | **December 11, 2026** |
| **PRETRIAL CONFERENCE** | **January 20, 2027**<br>**–1:30 p.m. - Yakima** |
| Exhibits for trial | **2 Weeks Before Trial** |
| **FINAL PRETRIAL CONFERENCE** | **February 1, 2027**<br>**8:30 a.m. - Yakima** |
| **JURY TRIAL** | **February 1, 2027**<br>**9:00 a.m. - Yakima** |

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED August 20, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE